RENDERED: JULY 23, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0033-MR

TIMOTHY ALLEN HELTON                                    APPELLANT

v.
APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE JOHN E. REYNOLDS, JUDGE
ACTION NO. 16-CR-00865-001

COMMONWEALTH OF KENTUCKY                               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CALDWELL, AND K. THOMPSON, JUDGES.

CALDWELL, JUDGE:  Timothy Helton (Helton) appeals the Fayette Circuit

Court's denial of relief upon his motion pursuant to CR[1] 60.02 in which he alleged

the sentence that he agreed to serve in a plea agreement is violative of KRS[2]

532.110(1)(c) and KRS 532.080(6)(b).  We disagree and affirm the trial court.

---

[1] Kentucky Rules of Civil Procedure.

[2] Kentucky Revised Statutes.

# FACTS

In 2016, Helton was charged in several counties with multiple counts related to a crime spree wherein he and others stole motor vehicle trailers and merchandise from retailers, apparently to finance a heroin addiction. On August 17, 2017, he pleaded guilty in Pulaski Circuit Court to violating KRS 506.120(2) by stealing property for resale, a class C felony, and being a persistent felony offender in the first degree, with a sentence of imprisonment on that judgment of fourteen (14) years. Exactly two months later, Helton entered a guilty plea in Fayette Circuit Court to one count of theft by unlawful taking under $10,000, four counts of attempted theft by unlawful taking under $500, and being a persistent felony offender in the first degree and was sentenced, in accord with the agreement, to a total sentence on that judgment of eight (8) years, to run consecutive to the Pulaski Circuit Court sentence.

Helton did not appeal either judgment. Rather, in 2019, he filed a *pro se* motion pursuant to CR 60.02(e) and (f) in Fayette Circuit Court, arguing that the total sentence of imprisonment under both judgments of twenty-two (22) years was illegal as the total sentence should have been no longer than twenty (20) years. He cited KRS 532.110(1)(c) as supportive of his claim.

The Fayette Circuit Court denied the motion without a hearing. Helton appealed that order to this Court and we affirm the Fayette Circuit Court.

## STANDARD OF REVIEW

The standard of review of an appeal involving a CR 60.02 motion is whether the trial court abused its discretion. A movant is not entitled to a hearing on a CR 60.02 motion unless he "affirmatively alleges facts which, if true, justify vacating the judgment and further allege[s] special circumstances that justify CR 60.02 relief." White has failed to present any facts or legal grounds sufficient to invalidate his sentence. Thus, the trial court did not abuse its discretion in denying his CR 60.02 motion without a hearing.

*White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000) (citations omitted).

## ANALYSIS

KRS 532.110(1)(c) caps the maximum sentence a trial court can impose for multiple offenses at whatever the maximum sentence would be available under KRS 532.080, or persistent felony offender sentencing, but no more than 70 years in any event.

(1) When multiple sentences of imprisonment are imposed on a defendant for more than one (1) crime, including a crime for which a previous sentence of probation or conditional discharge has been revoked, the multiple sentences shall run concurrently or consecutively as the court shall determine at the time of sentence, except that:

. . .

(c) The aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed. In no event

-3-

> shall the aggregate of consecutive indeterminate
> terms exceed seventy (70) years.

Helton argues that this provision is applicable when multiple circuit courts are imposing sentences under disparate indictments. We disagree.

Because the maximum available sentence of imprisonment for the highest class of crime for which he entered a guilty plea, a class C felony, is twenty (20) years under KRS 532.080(6)(b), Helton believes that the maximum sentence which can be imposed upon him can be no more than twenty years. He argues this despite the fact that his crime spree crossed county lines and multiple jurisdictions indicted him for crimes committed within their borders.

Helton misinterprets the statute. None of the courts could individually impose a judgment with a sentence longer than twenty (20) years, and none of them did so. However, the Fayette Circuit Court was completely within its authority to order the eight-(8)-year sentence to be served consecutively to the sentence imposed by the Pulaski Circuit Court.

Further, KRS 533.060(3) applies and *required* the Fayette Circuit Court to run its sentence consecutive to the Pulaski sentence.

> When a person commits an offense while awaiting trial
> for another offense, and is subsequently convicted or
> enters a plea of guilty to the offense committed while
> awaiting trial, the sentence imposed for the offense
> committed while awaiting trial shall not run concurrently
> with confinement for the offense for which the person is
> awaiting trial.

KRS 533.060(3). As his counsel acknowledged in a pleading seeking probation in Fayette Circuit Court, Helton committed the offenses in Pulaski, Mercer, Grant, and Boyle counties whilst on bond on the Fayette County charges.[3] Thus, the imposition of a consecutive sentence was in accord with the law and was not an abuse of discretion.

However, most fatal of all to Helton's claim is the fact that CR 60.02 is not the proper vehicle for relief from what one believes is an illegal sentence. Rather, Helton should have filed a direct appeal to raise this issue.

> We hold that the proper procedure for a defendant aggrieved by a judgment in a criminal case is to directly appeal that judgment, stating every ground of error which it is reasonable to expect that he or his counsel is aware of when the appeal is taken.

*Gross v. Commonwealth*, 648 S.W.2d 853, 857 (Ky. 1983). Having failed to appeal the Fayette Circuit judgment, Helton cannot now seek post-conviction relief for an issue which should have been raised in a direct appeal.

> [T]he rule may be utilized only in extraordinary situations when relief is not available on direct appeal or

---

[3] "The cases in Grant, Mercer and Boyle were essentially part of the syndicate, as each case also involved Walmart thefts. Tim has been finally sentenced to 14 years in Pulaski County and the sentences in Grant (3 years, case # 17-CR-00055), Mercer (12 months, case # 16-CR-00096), and Boyle (12 months, case # 16-CR-0228) have all been resolved for a total sentence of 14 years . . . . Since the above described cases were committed while Tim was on bond on the Fayette charges, it is understood that any custodial sentence imposed by this Court will have to run consecutive to the 14 year sentence he is currently serving. The question before this Court is whether Tim deserves a 22 year total sentence for non-violent theft offenses fueled by heroin addiction . . . ."

under RCr[4] 11.42. *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky.1997). That is, CR 60.02 is not intended merely as an additional opportunity to relitigate the same issues which could reasonably have been presented by direct appeal or an RCr 11.42 proceeding. *Id.*

*Foley v. Commonwealth*, 425 S.W.3d 880, 884 (Ky. 2014).

## CONCLUSION

We affirm the Fayette Circuit Court's Order denying Helton's motion for CR 60.02 relief. Procedurally, this issue should have been raised in a direct appeal, and for that reason alone relief cannot be granted. On the merits, however, Helton's argument is not well taken, and the sentence imposed in the judgment at issue herein was not violative of the law and was the sentence he bargained for in the plea agreement to which he agreed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Timothy Helton, *pro se*
Lexington, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Thomas A. Van De Rostyne
Assistant Attorney General
Frankfort, Kentucky

---

[4] Kentucky Rules of Criminal Procedure.