Delmar **PARTIN**, Appellant,

v.

**COMMONWEALTH of Kentucky,** Appellee.

No. 2008–CA–002360–MR.

Court of Appeals of Kentucky.

Aug. 27, 2010.

Discretionary Review Denied by Supreme Court May 11, 2011.

Case Ordered Published by Supreme Court May 11, 2011.

Melanie A. Foote, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, W. Bryan Jones, Assistant Attorney General, Frankfort, KY, for appellee.

Before DIXON and VANMETER, Judges; LAMBERT,[1] Senior Judge.

## OPINION

VANMETER, Judge:

Delmar Partin appeals from an order of the Knox Circuit Court denying his motion for post-conviction relief. For the following reasons, we affirm.

Following a jury trial, a judgment was entered in 1994 convicting Partin of murder. He received a sentence of life imprisonment. His conviction and sentence was affirmed on direct appeal by the Kentucky Supreme Court.[2] Partin then sought RCr [3] 11.42 relief, which the trial court denied. This court affirmed the denial of Partin's RCr 11.42 motion.[4] The Kentucky Supreme Court denied Partin's motion for discretionary review.

In 2008, Partin moved the trial court to order and fund DNA testing of hair evidence presented in his 1994 trial. Specifically, Partin sought testing of hair found on a paper towel in Partin's home trash. Since Partin had already directly appealed his conviction and moved for RCr 11.42 relief, the trial court treated his motion as a motion for CR [5] 60.02 relief. The trial court denied his motion as untimely and further held that neither KRS 422.285 nor KRS 31.185 applied. This appeal followed.

Partin claims the trial court abused its discretion by denying his motion for CR 60.02 relief. We disagree.

■ On appeal, we review the denial of a CR 60.02 motion for an abuse of discretion. The test for abuse of discretion is whether the trial court's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky.1999) (citations omitted).

■ As an initial matter, we note that while the evidence of Partin's guilt was circumstantial, that evidence as a whole was sufficient to uphold the jury's verdict and the trial court's denial of a directed verdict. 918 S.W.2d at 221. Specifically, Partin and the victim had been engaged in an extra-marital affair which the victim had recently ended; the victim was fearful of Partin; Partin was seen by numerous witnesses at Tremco laboratory, where

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statute (KRS) 21.580.

2. *Partin v. Commonwealth*, 918 S.W.2d 219 (Ky.1996).

3. Kentucky Rules of Criminal Procedure.

4. *Partin v. Commonwealth*, 1997–CA–002081–MR (Ky.App., Dec. 30, 1998).

5. Kentucky Rules of Civil Procedure.

both he and the victim worked, on his day off, Sunday, September 26, 1993; the witnesses placed Partin at Tremco between 10:50 a.m. and 11:30 a.m. on that date; some witnesses saw Partin in the vicinity of the victim prior to her disappearance; no one saw the victim alive after Partin left Tremco on that date; the next morning, Monday, September 27, the victim's decapitated body was found in a fifty-five gallon drum in the laboratory, the victim's workstation at Tremco; the victim had been strangled, hit in the head eight times, and decapitated; the cause of death was either asphyxiation or blunt force trauma to the head; a lead pipe and an axe were found at or in proximity to the murder scene; the lead pipe was consistent with existing lab equipment; the lab had no use or need of an axe; Partin was seen carrying a bag at Tremco on the morning of the murder which looked as if it carried something resembling a cylinder or magazine. Early the next morning, prior to discovery of the victim's body, Partin falsely denied having been at Tremco on Sunday. In addition, testimony was adduced that Partin was an experienced alligator hunter, having killed them by wires or ropes around the neck, hitting the head and separating the spine.

With respect to the hair evidence which Partin now claims requires DNA analysis, the hair was found in Partin's kitchen trash. However, while the state police forensic examiner testified certain hair was *similar* to the victim's hair, she also testified that other hair *dissimilar* to the victim's hair was found on paper towels in Partin's kitchen trash. The jury, thus, was aware at the time of trial that hair in Partin's trash may or may not have belonged to the victim.

Against this background, we examine Partin's claim of error. KRS 422.285 permits post-conviction DNA testing under certain circumstances. Specifically, KRS 422.285(1) provides:

> At any time, a person who was convicted of and sentenced to death for a capital offense and who meets the requirements of this section may request the forensic deoxyribonucleic acid (DNA) testing and analysis of any evidence that is in the possession or control of the court or Commonwealth, that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

■ Since Partin was not sentenced to death he was not entitled to DNA testing and analysis per KRS 422.285(1). However, Partin maintains that the recent case of *Bedingfield v. Commonwealth*, 260 S.W.3d 805 (Ky.2008), permits DNA testing under KRS 422.285 in non-capital cases in which the defendant is not sentenced to death.[6] Our review of *Bedingfield* reveals that the Court did not address this issue.

In *Bedingfield*, the Court vacated Bedingfield's sentence pursuant to CR 60.02 and granted his motion for a new trial based upon newly discovered evidence. Bedingfield's CR 60.02 motion was presented to the Court after he had obtained the release of certain physical evidence, including the alleged victim's rape kit and other physical evidence, and subjected the semen samples contained therein to forensic testing under methodologies evidently not available at the time of his trial. Thus, Bedingfield was not requesting DNA testing under KRS 422.285. Rather, he claimed that the results of the DNA testing performed on the forensic evidence definitively excluded him as the source of the semen recovered from the alleged vic-

**6.** Bedingfield was convicted of first-degree rape and of being a persistent felony offender and was sentenced to twenty-five years' imprisonment.

tim and, therefore, gave rise to sufficient justification for a new trial based on newly discovered evidence. *Id.* at 807. Accordingly, the Court in *Bedingfield* did not discuss KRS 422.285.

The plain language of KRS 422.285 allows a person convicted of and sentenced to death for a capital offense to request DNA testing and analysis of evidence. Since Partin was not entitled to post-conviction DNA testing under KRS 422.285, he failed to present a known grievance which necessitated a hearing under KRS 31.185.[7] Accordingly, the trial court did not abuse its discretion by denying Partin's motion for CR 60.02 relief.

Finally, in *Bedingfield,* the Court addressed the effect of DNA evidence which was exculpatory, albeit non-exonerating, along with other testimonial inconsistencies in that case. The Court stated that the new DNA evidence "would probably induce a different conclusion by a jury" and serve to warrant a new trial to avoid a miscarriage of justice. 260 S.W.3d at 814 (citing RCr 10.02). Partin's case, however, is different. Even if DNA analysis excludes the victim as the source of any hair in Partin's kitchen trash, even if a third person's DNA shows up among the evidence at the Tremco laboratory,[8] which would not be surprising given the number of persons who were in and out of that location on Sunday, September 26, 1993, no testimonial inconsistencies exist which otherwise cast doubt on the jury's verdict. As the trial judge, who presided over the trial, succinctly noted "[m]ore evidence, other than the hair, was presented at [Partin's] trial. Even excluding the hair from

evidence, which must be [Partin's] intentions in testing the hair, would still not create the inference that he would have, with reasonable certainly, been found not guilty at trial."

The order of the Knox Circuit Court is affirmed.

ALL CONCUR.

---

7. Indigent post-conviction petitioners are entitled to public funds under KRS 31.185 "provided that a court of competent jurisdiction has determined that an evidentiary hearing is necessary in order to resolve the allegations contained in the post-conviction petition."

*Hodge v. Commonwealth,* 244 S.W.3d 102, 109 (Ky.2008).

8. The testing of any evidence other than the hair found at Partin's residence was not raised before the trial court.