Yustin DIAZ

v.

COMMONWEALTH of Kentucky

NO. 2014–CA–001883–MR

Court of Appeals of Kentucky.

RENDERED: DECEMBER 18, 2015; 10:00 A.M.

BRIEFS FOR APPELLANT: Amy Duncliffe, Georgetown, Kentucky.

BRIEF FOR APPELLEE: Jack Conway, Attorney General of Kentucky, J. Hays Lawson, Assistant Attorney General Frankfort, Kentucky.

BEFORE: DIXON, D. LAMBERT, AND MAZE, JUDGES.

MAZE, JUDGE:

Yustin Diaz appeals from a Fayette Circuit Court order denying her motion brought pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42 and Kentucky Rules of Civil Procedure (CR) 60.02. She seeks to withdraw her guilty plea, entered in 2009, on the grounds that she was not informed that the resulting conviction could have an adverse effect on her immigration status.

Diaz was born in Mexico and came to the United States at two months of age. She is not an American citizen. According to a notice from the Department of Homeland Security which she has attached to her brief, she was an alien present in the United States who had not been admitted or paroled.

On May 26, 2009, a Fayette County grand jury indicted Diaz on one count of trafficking in marijuana, eight ounces to less than five pounds, a class D felony. On September 30, 2009, she pleaded guilty to a reduced charge of one count of facilitation to trafficking in marijuana, eight ounces to five pounds, first offense, which is a misdemeanor. On November 4, 2009, the trial court entered a final judgment sentencing her to serve twelve months, probated for two years. Diaz did not file a direct appeal from this judgment.

Almost five years later, on July 21, 2014, Diaz filed a motion to withdraw her guilty plea and vacate the judgment. At the hearing on her motion, her attorney explained that Diaz had incurred new trafficking charges in Fayette County, and consequently had come to the attention of the Department of Homeland Security, which commenced removal proceedings based on her 2009 conviction. He argued that she should be allowed to withdraw her

plea because she was not informed of the potential deportation consequences at the time she entered it. The trial court denied the motion. Diaz filed a motion to reconsider, which the trial court also denied. Its order stated in part as follows:

> The defendant's guilty plea in 2009 in and of itself did not subject her to removal proceedings. It was a new arrest for the same offense. Had the defendant sought to withdraw her guilty plea within a reasonable time of entering it, prior to the expiration of her probation, and not because she was in custody on new charges, her argument might have more merit.

This appeal followed.

In her brief, Diaz states that she is currently in the custody of Immigration and Customs Enforcement because, under 8 U.S.C. § 1101(a) 43(B), a misdemeanor involving drugs is considered an aggravated felony, which in turn makes her subject to mandatory deportation.[1] She claims that she was never advised of the immigration consequences of her 2009 guilty plea, and had she known the conviction would make her subject to mandatory deportation she would not have entered the plea.

Diaz acknowledges that *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), which requires an attorney for a criminal defendant to provide advice about the risk of deportation arising from a guilty plea, does not have retroactive effect. See *Chaidez v. United States*, —— U.S. ——, 133 S.Ct. 1103, 1113, 185 L.Ed.2d 149 (2013) ("[D]efendants whose convictions became final prior to *Padilla* ... cannot benefit from its holding.") Thus, Diaz cannot bring a claim of ineffective assistance of counsel, since she could not meet the first prong which requires a showing that her counsel's performance

"fell outside the wide range of professionally competent assistance[.]" *Rigdon v. Commonwealth*, 144 S.W.3d 283, 288 (Ky. App.2004) (internal citations omitted). In any event, her attorney acknowledged at the hearing that her claim was not cognizable under RCr 11.42.

Relief under RCr 11.42 is only available to a "prisoner in custody under sentence or a defendant on probation, parole or conditional discharge...." RCr 11.42(1). Since Diaz completed her probation prior to bringing this motion, RCr 11.42 clearly does not apply. Diaz relies primarily on CR 60.02(f), which permits a court to grant relief from a judgment for "any other reason of an extraordinary nature justifying relief." We review the denial of a CR 60.02 motion for an abuse of discretion. *Partin v. Commonwealth*, 337 S.W.3d 639, 640 (Ky.App.2010). The test for abuse of discretion is whether the trial court's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky.1999) (internal citations omitted). Absent a "flagrant miscarriage of justice," we will affirm the trial court. *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky.1983).

Diaz asks this Court to use its equitable powers to set aside her guilty plea, which she contends was involuntary because she was not provided with the correct guilty plea form. In February 2003, the Administrative Office of the Courts amended the guilty plea form, (AOC Form 491) to include the following language: "I understand that if I am not a United States Citizen, I may be subject to deportation pursuant to the laws and regulations governing the United States Immigration and Naturalization Service."

---

1. According to her reply brief, Diaz was deported to Mexico in January 2015.

The guilty plea form given to Diaz, however, was an earlier version which did not include this language. She relies on the unpublished opinion *Paxtor v. Commonwealth*, 2014 WL 3026750 (Ky.App.2014) (2012–CA–2196–MR), to argue that the trial court's failure to use the newer form meant that she was not properly informed about the consequences of her plea. But *Paxtor* is a post-*Padilla*, ineffective assistance of counsel case brought pursuant to RCr 11.42. We have already determined that this avenue of relief is not open to Diaz.

█ "A guilty plea is involuntary if the defendant lacked full awareness of the direct consequences of the plea or relied on a misrepresentation by the Commonwealth or the trial court." *Edmonds v. Commonwealth*, 189 S.W.3d 558, 566 (Ky.2006). As there was no duty on Diaz's attorney to inform her of the deportation consequences of her plea, we fail to see how such a duty could be retroactively placed on the trial court. "CR 60.02 is not intended merely as an additional opportunity to raise *Boykin*[2] defenses." *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983).

█ CR 60.02 specifies that motions brought under subsection (f) "shall be made within a reasonable time[.]" CR 60.02 was enacted as a substitute for the common law writ of coram nobis. The purpose of such a writ was to bring before the court that pronounced judgment errors in matters of fact which (1) had not been put into issue or passed on, (2) were unknown and could not have been known to the party by the exercise of reasonable diligence and in time to have been otherwise presented to the court, or (3) which the party was prevented from so presenting by duress, fear, or other sufficient cause. *Id.* Diaz claims that her motion was timely because the facts upon which the claim is predicated were unknown to her and could not have been ascertained by exercise of due diligence. But no such showing was ever made before the trial court. Diaz could have ascertained at any time whether her conviction would have an impact on her immigration status, but, as the trial court noted in its order, only sought to withdraw her plea when she was arrested on new drug charges.

Diaz alleges various errors in the trial court's order, including its statement that the 2009 guilty plea did not, in and of itself, subject her to removal proceedings and its observation that Diaz never sought expungement of her conviction. She claims that the 2009 conviction, not the pending charges, is the basis for her detention by Immigration and Customs Enforcement, and that an expunged conviction may still be used for deportation purposes. Whatever the merit of these claims, the trial court's ultimate determination that Diaz's motion was untimely, does not constitute an abuse of discretion.

The order denying Diaz's CR 60.02 motion is affirmed.

ALL CONCUR.

---

2. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) "holds that a judgment of conviction upon a plea of guilty is invalid if the plea was not knowingly and voluntarily entered[.]" *Conklin v. Commonwealth*, 799 S.W.2d 582, 583 (Ky.1990).