RENDERED:  SEPTEMBER 11, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2017-CA-001845-MR

GEORGE ELLIS WADE                                    APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE OLU A. STEVENS, JUDGE
ACTION NO. 84-CR-001549-002

COMMONWEALTH OF KENTUCKY                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; DIXON AND JONES, JUDGES.

JONES, JUDGE:  George Ellis Wade, *pro se*, appeals from the Jefferson Circuit

Court's order denying his motion to vacate his sentence pursuant to CR[1] 60.02, CR

60.01, and RCr[2] 10.26.  We affirm the circuit court's denial of relief.

---

[1]  Kentucky Rules of Civil Procedure.

[2]  Kentucky Rules of Criminal Procedure.

In 1984, Wade and his codefendant, Victor Taylor, were charged with the murders of two high school students in Jefferson County. The relevant facts of the case were summarized by the Kentucky Supreme Court in its 1990 opinion in Taylor's direct appeal:

> The prosecution presented evidence in the form of a statement by Wade which indicated that he and Taylor kidnapped and robbed the two students who had gotten lost on their way to a football game. The young men had stopped at a fast food restaurant to ask directions when they were confronted by Taylor and Wade. Other witnesses indicated that Taylor had a gun and forced the victims to get into their car and drive away. Wade in his statement said that he and Taylor robbed the boys and that he had removed both boys' trousers, bound their ankles and gagged them in a Louisville alley. Wade's statement was that Taylor decided to kill the two victims because he was afraid they would identify them. Wade said he waited on a nearby street while Taylor shot both boys in the head.

*Taylor v. Commonwealth*, 821 S.W.2d 72, 73-74 (Ky. 1990), *overruled by St. Clair v. Roark*, 10 S.W.3d 482 (Ky. 1999). Due to the extensive publicity surrounding the case, Wade's trial was moved to Fayette County,[3] where he was convicted of two counts each of murder, kidnapping, and first-degree robbery. Wade was thereafter sentenced to life imprisonment.

---

[3] Because Wade's case was moved to Fayette County, his judgment of conviction has two case numbers: Jefferson Circuit No. 84-CR-001549-002, and Fayette Circuit No. 85-CR-00334-002. The caption of the appeal *sub judice* uses the Jefferson Circuit case number because Wade is appealing from the Jefferson Circuit Court's order denying him relief from his sentence.

Wade filed a timely notice of appeal from his convictions, but he subsequently moved to dismiss the appeal. The Kentucky Supreme Court granted his motion and dismissed his appeal with prejudice. In 1993, Wade, *pro se*, moved the Jefferson Circuit Court for relief under RCr 11.42, arguing he received ineffective assistance of counsel. The circuit court denied relief, and we affirmed.[4] In 2000, Wade moved the Kentucky Supreme Court to reinstate his direct appeal, and the Supreme Court denied his motion by order.[5] Wade then moved this Court for a belated appeal, which we denied in 2002.[6]

Thereafter, once again acting without the assistance of counsel, Wade moved the circuit court to vacate his sentence under CR 60.02, CR 60.01, and RCr 10.26, arguing the evidence at trial showed he was actually innocent of the crimes for which he was convicted and the instructions at trial were erroneous. On July 14, 2017, the circuit court denied the motion without a hearing, finding Wade's claims were not cognizable under CR 60.02, CR 60.01, or RCr 10.26. This appeal followed.[7]

---

[4] *Wade v. Commonwealth*, No. 1994-CA-001034-MR (Ky. App. Jul. 19, 1996).

[5] *Wade v. Commonwealth*, No. 2000-SC-001034-MR (Ky. Dec. 14, 2000).

[6] *Wade v. Commonwealth*, No. 2002-CA-000184-MR (Ky. App. Mar. 18, 2002).

[7] Wade filed his notice of appeal on September 27, 2017; however, Wade's appellant brief was not filed until well over two years later on April 22, 2020, and his appeal was not assigned to this panel for a final decision until July 21, 2020. The delay was largely the product of Wade's own

"We review the denial of a CR 60.02 motion for an abuse of discretion." *Diaz v. Commonwealth*, 479 S.W.3d 90, 92 (Ky. App. 2015) (citing *Partin v. Commonwealth*, 337 S.W.3d 639, 640 (Ky. App. 2010)). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). "The burden of proof in a CR 60.02 proceeding falls squarely on the movant to affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief." *Foley v. Commonwealth*, 425 S.W.3d 880, 885 (Ky. 2014) (citations and internal quotation marks omitted). "[W]e will affirm the lower court's decision unless there is a showing of some 'flagrant miscarriage of justice.'" *Id.* at 886 (quoting *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983)).

Wade presents three interrelated arguments on appeal. First, he contends the circuit court should have granted relief because the jury's verdict was inconsistent with the facts presented at trial. Second, Wade contends he suffered from defective jury instructions at trial. Third, he contends his life sentences were void because the sentences were "not provided for by law." (Appellant's Brief at 2.) We will briefly consider each of Wade's arguments in turn.

actions in filing numerous procedural motions with this Court as well as his failure to respond to orders of this Court in a timely manner.

For Wade's first two arguments, the Commonwealth argues the circuit court correctly denied relief because Wade's claims should have been raised in a direct appeal or by his motion pursuant to RCr 11.42; therefore, his instant CR 60.02 motion is procedurally barred. We agree and hold Wade has presented no grounds for extraordinary relief cognizable under CR 60.02. "CR 60.02 is not a separate avenue of appeal to be pursued in addition to other remedies, but is available only to raise issues which cannot be raised in other proceedings." *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997). Wade's claims regarding the circumstances of his trial, including evidentiary issues and jury instruction issues, were known to him or should have been known to him at sentencing or shortly thereafter. "CR 60.02 is *not* intended to provide relief for grounds that could be attacked through direct appeals or collateral motions such as grounds under RCr 11.42." *Meece v. Commonwealth*, 529 S.W.3d 281, 285 (Ky. 2017).

For Wade's third argument, the Commonwealth admits unauthorized sentences are unlawful and the issue may be raised at any time, citing *Phon v. Commonwealth*, 545 S.W.3d 284, 301-02 (Ky. 2018). However, the Commonwealth correctly points out that murder is a capital offense under KRS[8] 507.020 and punishable by a life sentence pursuant to KRS 532.030. Furthermore,

---

[8] Kentucky Revised Statutes.

these laws were in effect at the time Wade was convicted, approximately thirty-five years ago.  Because his sentence was authorized by statutes in effect at the time of his conviction, Wade's argument regarding his purportedly unlawful sentence lacks merit.

Finally, for the sake of completeness, we will note here that the circuit court succinctly and correctly dismissed Wade's claims within the contexts of CR 60.01 and RCr 10.26.  CR 60.01 allows for the correction of clerical mistakes in the judgment, which is not relevant to Wade's underlying substantive arguments. *See Hutson v. Commonwealth*, 215 S.W.3d 708, 717 (Ky. App. 2006).  Similarly, RCr 10.26, the criminal rule describing palpable error review, is inapplicable to Wade's arguments here.  "Neither RCr 10.26 nor its language has application when reviewing a decision under CR 60.02[.]"  *Stoker v. Commonwealth*, 289 S.W.3d 592, 598 (Ky. App. 2009).

For the foregoing reasons, we affirm the Jefferson Circuit Court's order denying relief pursuant to CR 60.02.


ALL CONCUR.

BRIEFS FOR APPELLANT:

George E. Wade, *pro se*
La Grange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

James C. Shackelford
Assistant Attorney General
Frankfort, Kentucky