RENDERED: JUNE 17, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0836-MR

J.E. TAYLOR                                                        APPELLANT

v.
APPEAL FROM GREEN CIRCUIT COURT
HONORABLE SAMUEL T. SPALDING, JUDGE
ACTION NO. 12-CR-00096

COMMONWEALTH OF KENTUCKY                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; CETRULO AND K. THOMPSON, JUDGES.

CLAYTON, CHIEF JUDGE: J.E. Taylor appeals *pro se* from a Green Circuit Court order denying his motion filed pursuant to Kentucky Rules of Civil Procedure (CR) 60.02. Taylor, who was found guilty of four counts of incest, argues that the jury instructions violated the prohibition against double jeopardy. Upon review, we affirm.

The underlying facts of this case are set forth in an opinion of this Court in an earlier appeal:

> On December 5, 2012, a Green County grand jury indicted the Appellant, J.E. Taylor (Taylor), on 468 counts of incest, 468 counts of first-degree sodomy, one count of first-degree rape, and 468 counts of first-degree sexual abuse.
>
> In December 2015, Taylor was tried on a reduced number of counts. The jury found him guilty of four counts of incest and recommended a sentence of five years on each count to be served concurrently with one another for a total of five years. On March 9, 2016, the trial court entered Judgment and Sentence and set counts one through three to run concurrently with one another but consecutively as to count four (five years) for a total of ten years.
>
> On May 4, 2016, the trial court conducted a hearing to address some remaining issues in the case. His counsel explained that Taylor had abandoned his right to appeal in return for the Commonwealth's agreement to dismiss the numerous remaining charges in all the other cases – including those sent to Adair County. The parties executed an agreed order. Taylor was then placed under oath and was questioned by the court. Taylor affirmed that he had signed the agreed order and that the remaining charges were to be dismissed with a stipulation of probable cause. Additionally, he acknowledged that there was some basis to bring the charges, that he had entered into the agreement freely and voluntarily with the advice of his attorney, that it was his desire to do so, and that he had had all the time he needed to think about his decision.

On January 17, 2017, Taylor, *pro se*, filed a motion pursuant to RCr[1] 11.42 alleging ineffective assistance of counsel.

*Taylor v. Commonwealth*, No. 2017-CA-000340-MR, 2018 WL 3090027, at *1 (Ky. App. Jun. 22, 2018).

Following a hearing, the trial court denied the RCr 11.42 motion. Taylor then filed a motion for modification and restoration of the original sentence recommended by the jury. The trial court denied the motion. Taylor filed appeals from the denial of both motions. This Court affirmed the rulings of the trial court. In regard to the motion seeking modification and restoration of the original sentence recommended by the jury, the Court's opinion states:

> Taylor asserts that the trial judge "acted with [b]ias and with disregard for justice in taking the charge from the jury and changing the sentence to ten years, violating Appellant's [c]onstitutional rights." Although Taylor makes the conclusory statement that the trial court acted "improperly and abused its discretion," he fails to explain how the trial court erred in denying his motion. Taylor asks that we remand the case to the trial court with direction to restore the jury's original sentence.
>
> We agree with the Commonwealth that no error occurred. The "trial court has the discretion to decline to follow a jury's recommendation regarding whether a sentence should be served concurrently or consecutively. . . ." *Benet v. Commonwealth*, 253 S.W.3d 528, 535 (Ky. 2008).

*Id.* at *4.

---

[1] Kentucky Rules of Criminal Procedure.

Taylor then filed a motion to vacate his conviction pursuant to CR 60.02(e), Kentucky Revised Statutes (KRS) 29A.280(3) and the Fifth and Fourteenth Amendments. In this motion, he argued that two of the four jury instructions on incest failed to distinguish the separate offenses. As a result, he contended, the jury verdict was not unanimous, and the instructions violated the prohibition against double jeopardy. The trial court denied the motion and this appeal by Taylor followed.

"CR 60.02 was enacted as a substitute for the common law writ of coram nobis." *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). The purpose of such a writ was to bring before the court that pronounced judgment errors in matter of fact which (1) had not been put into issue or passed on, (2) were unknown and could not have been known to the party by the exercise of reasonable diligence and in time to have been otherwise presented to the court, or (3) which the party was prevented from so presenting by duress, fear, or other sufficient cause. *Id*. CR 60.02 motions are limited to afford special and extraordinary relief not available in other proceedings. *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997). "The rule is not intended to provide an avenue for defendants to relitigate issues which could have been presented in a direct appeal or an RCr 11.42 proceeding." *Baze v. Commonwealth*, 276 S.W.3d 761, 765 (Ky. 2008).

We review the denial of a CR 60.02 motion for an abuse of discretion. *Partin v. Commonwealth*, 337 S.W.3d 639, 640 (Ky. App. 2010). The test for abuse of discretion is whether the trial court's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

As a preliminary matter, Taylor argues that his claim is not procedurally barred, even though it could have been raised in his direct appeal or in his RCr 11.42 motion, because sentencing errors are jurisdictional and may be raised at any time. *Gaither v. Commonwealth*, 963 S.W.2d 621, 622 (Ky. 1997). Taylor contends that the jury instructions failed to adequately distinguish between two counts of incest and consequently he could have been sentenced twice for the same crime.

"Whether the issue is viewed as one of insufficient evidence, or double jeopardy, or denial of a unanimous verdict, when multiple offenses are charged in a single indictment, the Commonwealth must introduce evidence sufficient to prove each offense and to differentiate each count from the others, and the jury must be separately instructed on each charged offense." *Miller v. Commonwealth*, 77 S.W.3d 566, 576 (Ky. 2002).

The record in the case does not include the original jury instructions or the video record of the trial. Taylor and the Commonwealth agree on the text of

the instructions and Taylor does not dispute the Commonwealth's account that the victim, Taylor's biological granddaughter, testified to four separate episodes of abuse. She testified to two episodes which occurred when she was nine years old and took place in Taylor's bedroom. The other two episodes occurred at the so-called chicken house. One of these occurred in the spring or summer when she was nine years old. The other occurred when she was eleven years of age. On that occasion, a cousin declined to go with Taylor and the victim to the chicken house.

Instruction No. 8 instructs the jury to find the defendant guilty if the jury believes beyond a reasonable doubt, all of the following: "That in this county on or about the spring or summer of 2003, and before the finding of the indictment therein, J.E. Taylor engaged in deviate sexual intercourse with [the victim] when he drove her to the chicken house, had her lie down on the truck seat and placed his mouth on her vaginal area[.]" Instruction No. 9 required a finding of guilty if the jury found "That in this county in the spring when [the victim] was age 11 and before the finding of the indictment herein, J.E. Taylor engaged in deviate sexual intercourse with [the victim] when he took her to the chicken house, removed her shorts and panties, placed his mouth on her vaginal area and had asked [S.T.] to go with her[.]"

These instructions clearly distinguish the two episodes described by the victim in her testimony. "[P]roof of the precise dates on which the offenses were committed is not required of a child sexual abuse victim where the evidence is ample to separately identify the various offenses charged." *Miller*, 77 S.W.3d at 576 (internal quotation marks and citation omitted). Instruction No. 8 provides the date the offense occurred, whereas Instruction No. 9 provided the victim's age and the additional detail regarding the cousin. Seen in the light of the evidence presented in the victim's testimony, in which she stated her age at the time of the offenses, the two jury instructions would have been clearly distinguishable to the jury. "A jury must be credited with some intelligence and understanding, and we believe reasonably intelligent [jurors] would not have been misled by the instruction." *Fields v. Wilkins*, 277 S.W.2d 467, 468 (Ky. 1954).

For the foregoing reasons, the order denying Taylor's CR 60.02 motion is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

J.E. Taylor, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christopher Henry
Assistant Attorney General
Frankfort, Kentucky