RENDERED: JULY 1, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0698-MR

SHELBY JOE NIX                                                      APPELLANT

v.                      APPEAL FROM BULLITT CIRCUIT COURT
                        HONORABLE RODNEY D. BURRESS, JUDGE
                        ACTION NO. 16-CR-00061

COMMONWEALTH OF KENTUCKY                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  GOODWINE, JONES, AND MAZE, JUDGES.

JONES, JUDGE:  Shelby Joe Nix, *pro se*, appeals from the Bullitt Circuit Court's

order entered on March 18, 2021, which denied his petition for relief pursuant to

CR[1] 60.02.  We affirm.

---

[1]  Kentucky Rules of Civil Procedure.

# I. BACKGROUND

Nix is currently serving a sentence of twenty years' imprisonment with the Kentucky Department of Corrections after being convicted for first-degree trafficking in a controlled substance,[2] possession of an open container of alcohol in a motor vehicle,[3] and for being a first-degree persistent felony offender.[4] Nix appealed directly to the Kentucky Supreme Court as a matter of right,[5] and the Supreme Court affirmed Nix's convictions and sentence in an unpublished opinion.[6]

After the Kentucky Supreme Court affirmed his convictions, Nix sought postconviction relief, filing a motion with the circuit court under RCr[7] 11.42 on a number of grounds asserting ineffective assistance of counsel. These motions were denied by an order of the circuit court entered on March 14, 2019.

---

[2] Kentucky Revised Statutes (KRS) 218A.1412.

[3] KRS 189.530.

[4] KRS 532.080.

[5] "Appeals from a judgment of the Circuit Court imposing a sentence of death or life imprisonment or imprisonment for twenty years or more shall be taken directly to the Supreme Court." KY. CONST. § 110(2)(b).

[6] *Nix v. Commonwealth*, No. 2017-SC-000217-MR, 2018 WL 1417633 (Ky. Mar. 22, 2018).

[7] Kentucky Rules of Criminal Procedure.

We affirmed the circuit court's denial of RCr 11.42 relief in an unpublished opinion, and the Supreme Court denied discretionary review.[8]

Undeterred, on October 27, 2020, Nix filed a *pro se* motion to vacate the circuit court's denial of RCr 11.42 relief – the same motion which had just been thoroughly litigated. In his motion, Nix argued, *inter alia*, the circuit court committed procedural errors in the RCr 11.42 proceedings by its failure to order production of the Commonwealth's file for an *in camera* inspection, in order to determine if his trial attorney had failed to communicate a plea offer. Citing CR 60.02 as justification, Nix asked the circuit court to undertake this procedure and thereafter to grant RCr 11.42 relief in a *nunc pro tunc* order. On March 18, 2021, the circuit court denied Nix's motion. This appeal followed.

## II. ANALYSIS

"We review the denial of a CR 60.02 motion for an abuse of discretion." *Diaz v. Commonwealth*, 479 S.W.3d 90, 92 (Ky. App. 2015) (citing *Partin v. Commonwealth*, 337 S.W.3d 639, 640 (Ky. App. 2010)). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). "The burden of proof in a CR 60.02 proceeding falls squarely on the movant to affirmatively allege facts which, if true,

---

[8] *Nix v. Commonwealth*, No. 2019-CA-000600-MR, 2020 WL 1074781 (Ky. App. Mar. 6, 2020), *disc. rev. denied*, (Ky. Aug. 12, 2020).

justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief." *Foley v. Commonwealth*, 425 S.W.3d 880, 885 (Ky. 2014) (internal quotation marks and citations omitted). "[W]e will affirm the lower court's decision unless there is a showing of some 'flagrant miscarriage of justice.'" *Id*. at 886 (quoting *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983)).

We are bound to affirm the circuit court because Nix's motion is procedurally barred on multiple levels. The circuit court denied Nix's motion on grounds it would be considered untimely under CR 59.05 and there was no evidence of extraordinary circumstances justifying relief under CR 60.02. We agree. Motions to alter, amend, or vacate a judgment pursuant to that rule "shall be served not later than 10 days after entry of the final judgment." CR 59.05. Nix's motion to vacate the circuit court's denial of RCr 11.42 relief would have been proper within ten days of March 14, 2019. Instead, he moved the circuit court to vacate its judgment well over eighteen months later. Furthermore, RCr 11.42(3) states that "[f]inal disposition of the [RCr 11.42] motion shall conclude all issues that could reasonably have been presented in the same proceeding." Nix's RCr 11.42 motion was thoroughly litigated before being denied by this Court and discretionary review being denied by the Kentucky Supreme Court. Nix's current effort is an attempt to get a second bite at the RCr 11.42 apple, which our courts

-4-

have ruled is impermissibly successive. *See, e.g.*, *Sanders v. Commonwealth*, 339 S.W.3d 427, 438 (Ky. 2011).

Finally, Nix's attempt to use CR 60.02 as a procedural vehicle for his successive RCr 11.42 motion cannot succeed. "[CR 60.02] is not intended as merely an additional opportunity to raise claims which could and should have been raised in prior proceedings, but, rather, 'is for relief that is not available by direct appeal and not available under RCr 11.42.'" 339 S.W.3d at 437 (quoting *Gross*, 648 S.W.2d at 856). "CR 60.02 . . . may be utilized only in extraordinary situations when relief is not available on direct appeal or under RCr 11.42." *Foley*, 425 S.W.3d at 884 (citing *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997)). Nix's RCr 11.42 claims, all of which could have been presented in previous proceedings, are not cognizable in his CR 60.02 motion.

### III. CONCLUSION

For the foregoing reasons, we affirm the Bullitt Circuit Court's order denying relief pursuant to CR 60.02.

ALL CONCUR.

BRIEF FOR APPELLANT:

Shelby Joe Nix, *pro se*
La Grange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Mark D. Barry
Assistant Attorney General
Frankfort, Kentucky