RENDERED:  MARCH 14, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0198-MR

TIMOTHY HARGROVES JR.                                      APPELLANT

v.

APPEAL FROM HARDIN CIRCUIT COURT
HONORABLE JOHN D. SIMCOE, JUDGE
ACTION NO. 17-CR-00982

COMMONWEALTH OF
KENTUCKY                                                           APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ECKERLE, KAREM, AND TAYLOR, JUDGES.

KAREM, JUDGE:  Timothy Hargroves appeals from a Hardin Circuit Court order denying his motion made pursuant to Kentucky Rules of Civil Procedure (CR) 60.02.  Upon careful review, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Following a jury trial in January 2019, Hargroves was convicted of the following charges:

> [M]urder in the death of [his] neighbor Bernard Williams; first-degree assault in the shooting of Millareisha Dixon, the mother of his two-year-old daughter, with whom he argued a day earlier upon seeing her and their child with another man; and first-degree wanton endangerment of their child who was sitting beside Dixon when Hargroves shot Dixon in the chest. Jurors also found Hargroves guilty of possessing marijuana.

*Hargroves v. Commonwealth*, 615 S.W.3d 1, 3 (Ky. 2021) (footnote omitted).

Dixon, the assault victim, did not testify at Hargroves's trial because she had moved out of state and the Commonwealth was not able to locate her.

In accordance with the jury's recommendation, Hargroves received a total sentence of forty-five years. *Id*. The Kentucky Supreme Court affirmed the judgment on direct appeal. *Id*. at 14.

Hargroves filed a motion for post-conviction relief pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42, alleging ineffective assistance of trial counsel. One of the claims presented was that his attorney was ineffective for failing to call Dixon as a witness at trial because she could have testified about his state of mind at the time of the shooting. The trial court denied the motion. Hargroves filed a motion to reconsider pursuant to CR 59.05 which the trial court

denied in an order entered on March 30, 2022. On July 9, 2022, Hargroves tendered a notice of appeal which was filed on July 29, 2022. Because the notice was filed more than thirty days after the entry of the order denying his CR 59.05 motion, he was ordered to show cause why the appeal should not be dismissed as untimely. Hargroves failed to demonstrate sufficient cause and the appeal was dismissed by this Court. The Kentucky Supreme Court denied his motion for discretionary review of that decision.

Hargroves then filed a motion pursuant to CR 60.02(e) and (f), which is the subject of the present appeal. He argued that he was denied his due process rights and his rights under the Confrontation Clause because Dixon was not available for cross-examination at trial. The trial court denied the motion because this claim could have been, and was, raised in his prior RCr 11.42 motion. This appeal by Hargroves followed.

## STANDARD OF REVIEW

We review the denial of a CR 60.02 motion for an abuse of discretion. *Partin v. Commonwealth*, 337 S.W.3d 639, 640 (Ky. App. 2010). The test for abuse of discretion is whether the trial court's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted). Absent a "flagrant

miscarriage of justice[,]" we will affirm the trial court. *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983).

## ANALYSIS

Hargroves sought to vacate judgment under CR 60.02(e), which provides relief if "the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application"; and CR 60.02(f), for "any other reason of an extraordinary nature justifying relief." CR 60.02(f).

The Kentucky Supreme Court has made it very clear that CR 60.02 is not intended to provide an avenue for defendants to relitigate issues that could have been decided in prior proceedings. *Baze v. Commonwealth*, 276 S.W.3d 761, 765 (Ky. 2008). "The structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and *thereafter* in CR 60.02." *Gross*, 348 S.W.2d at 856. CR 60.02 is intended to provide "special, extraordinary" relief "that is not available by direct appeal and not available under RCr 11.42." *Id.* CR 60.02 "is not a separate avenue of appeal to be pursued in addition to other remedies, but is available only to raise issues which cannot be raised in other proceedings." *McQueen v.*

*Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997).  It is not intended to afford a defendant a "second bite at the apple."  *Gross*, 348 S.W.2d at 857.  For this reason, "a defendant is precluded from raising claims [under CR 60.02] which were, or reasonably could have been, raised in prior proceedings."  *Berry v. Commonwealth*, 624 S.W.3d 119, 121 (Ky. App. 2021).

Hargroves's claim that his due process and Confrontation Clause rights were violated because Dixon was unavailable to testify at trial could have been raised in his direct appeal.  Under the framework outlined above, this claim cannot be raised under CR 60.02.  The fact that Hargroves did raise the issue again in his RCr 11.42 motion in the context of an ineffective of counsel claim provides further grounds for precluding the claim from consideration under CR 60.02.  In the RCr 11.42 motion, Hargroves argued that Dixon's absence violated his due process rights, although he did not allege any specific violation of his rights under the Confrontation Clause.  Nonetheless, he could have raised the Confrontation Clause argument in the RCr 11.42 proceedings.  The record fully supports the trial court's conclusion that Hargroves's claims are procedurally barred because they were raised, or could have been raised, in his direct appeal and in his RCr 11.42 motion.

# **CONCLUSION**

For the foregoing reasons, the order denying Hargroves's CR 60.02

motion is affirmed.

ALL CONCUR.


BRIEF FOR APPELLANT:

Timothy Hargroves, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE

Russell Coleman
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General
Frankfort, Kentucky