RENDERED: APRIL 10, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0460-MR

JORDAN WILLIAMS                                                                    APPELLANT

v.

APPEAL FROM HARDIN CIRCUIT COURT
HONORABLE LARRY ASHLOCK, JUDGE
ACTION NO. 21-CR-00568

COMMONWEALTH OF KENTUCKY                                          APPELLEE

<u>OPINION</u>
<u>AFFIRMING</u>

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

McNEILL, JUDGE: In 2021, Appellant, Jordan Williams ("Williams") was indicted for complicity to murder, first-degree robbery, abuse of a corpse, and tampering with physical evidence. He accepted a plea agreement in exchange for a reduced sentence and agreeing to testify truthfully against his co-defendants.

A final judgment was entered on February 10, 2023, sentencing Williams to twenty years' incarceration. Thereafter, Williams filed a motion to

vacate his conviction and sentence under RCr[1] 11.42. He alleged that his trial counsel coerced him into pleading guilty, was ineffective for failing to investigate, and that there was insufficient evidence to convict him. The trial court denied Williams' motion. This Court unanimously affirmed. *Williams v. Commonwealth*, No. 2023-CA-1074-MR, 2024 WL 3543150, at *1 (Ky. App. Jul. 26, 2024). Therein, the Court determined that Williams' post-judgment request for relief lacked specificity and that he suffered no prejudice in part because the evidence against him was overwhelming:

> He freely admitted that he procured the handgun and lured the victim to the location where he was robbed, shot, and killed. An inmate housed with him in the Bullitt County Detention Center provided incriminating testimony to Kentucky State Police and to the ATF. Williams's social media posts and photographs stored on his phone showed him wearing the victim's clothes, flashing the victim's money, and showing off the victim's vehicle after the murder.

*Williams*, 2024 WL 3543150, at *3.

On December 9, 2024, Williams filed a motion pursuant to CR[2] 60.02 and arguing that: 1) his guilty plea was coerced by the prosecutor, defense counsel, and police; 2) his attorney counseled him not to move to withdraw his guilty plea;

---

[1] Kentucky Rules of Criminal Procedure.

[2] Kentucky Rules of Civil Procedure.

and 3) defense counsel told him "to not say anything" during his sentencing, which prevented him from challenging the voluntariness of the his plea.[3]

In denying the CR 60.02 motion, the trial court reasoned, in part, that "[t]o the extent that this CR 60.02 motion raises the exact same issues as his earlier motion, the CR 60.02 motion is denied." As to Williams' new claim that defense counsel and the Commonwealth coerced his plea, the trial court found that it could have been brought in the prior RCr 11.42 proceeding. Thus, it was procedurally barred. Williams appeals to this Court as a matter of right. For the following reasons, we AFFIRM.

## STANDARD OF REVIEW

"We review the denial of a CR 60.02 motion for an abuse of discretion." *Diaz v. Commonwealth*, 479 S.W.3d 90, 92 (Ky. App. 2015) (citation omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citation omitted). "The burden of proof in a CR 60.02 proceeding falls squarely on the movant to affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief." *Foley v.*

---

[3] Williams styled this motion as a motion for a "Writ of Corum Nobis," which was correctly considered by the trial court as a CR 60.02 motion. He also attempted to supplement his CR 60.02 motion with additional claims.

*Commonwealth*, 425 S.W.3d 880, 885 (Ky. 2014) (internal quotation marks and citations omitted).

## ANALYSIS

A CR 60.02 motion is an "extraordinary remedy" only available to correct a "substantial miscarriage of justice." *Wilson v. Commonwealth*, 403 S.W.2d 710, 712 (Ky. 1966). It is well-settled that a motion pursuant to CR 60.02 is not a substitute for a direct appeal or a motion pursuant to RCr 11.42. *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997). "Similarly, CR 60.02 does not permit successive post-judgment motions, and the rule may be utilized only in extraordinary situations when relief is not available on direct appeal or under RCr 11.42." *Foley*, 425 S.W.3d at 884 (citation omitted); *see also Gross v. Commonwealth*, 648 S.W.2d 853, 856-57 (Ky. 1983) (discussing the interrelationship between CR 60.02 and RCr 11.42).

In the present case, the trial court found that Williams' CR 60.02 claims were either duplicative of those raised in his RCr 11.42 motion, could have been raised therein, or were otherwise unpersuasive. As to the specific allegations of ineffective assistance of counsel and coercion by counsel, the trial court concluded that "Williams does not offer any evidence other than his own self-serving statement in his motion. This is offered against the backdrop of the immense evidence against him that would have been brought forth at trial . . . ."

Having reviewed the arguments presented, we cannot conclude that the trial court abused its discretion here.

## **CONCLUSION**

For the foregoing reasons, the order of the Hardin Circuit Court denying Williams' CR 60.02 motion is AFFIRMED.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Jordan Williams, *pro se* <br> Sandy Hook, Kentucky | Russell Coleman <br> Attorney General of Kentucky |
| | Ken W. Riggs <br> Assistant Attorney General <br> Frankfort, Kentucky |