**Harold McQUEEN, Jr., Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

No. 97–SC–507–MR.

Supreme Court of Kentucky.

June 26, 1997.

## OPINION AND ORDER

This is an appeal from an order denying Appellant's CR 60.02 motion for relief from the final sentence of death imposed by the Madison Circuit Court on April 8, 1981, and denying his motion for a stay of his execution now scheduled for July 1, 1997. In denying Appellant's motions, Judge Adams found his CR 60.02 claim to be both untimely and meritless. We agree.

### PURPOSE OF CIVIL RULE 60.02

██ The interrelationship between CR 60.02 and RCr 11.42 was carefully delineated in *Gross v. Commonwealth*, Ky., 648 S.W.2d 853 (1983). In a criminal case, these rules are not overlapping, but separate and distinct. A defendant who is in custody under sentence or on probation, parole or conditional discharge, is required to avail himself of RCr 11.42 as to any ground of which he is aware, or should be aware, during the period when the remedy is available to him. Civil Rule 60.02 is not intended merely as an additional opportunity to relitigate the same issues which could "reasonably have been presented" by direct appeal or RCr 11.42 proceedings. RCr 11.42(3); *Gross v. Commonwealth, supra,* at 855, 856. The obvious purpose of this principle is to prevent the relitigation of issues which either were or could have been litigated in a similar proceeding. As stated in *Gross,* CR 60.02 was enacted as a substitute for the common law writ of coram nobis.

> The purpose of such a writ was to bring before the court that pronounced judgment errors in matter of fact which (1) had not been put into issue or passed on, (2) were unknown and could not have been known to the party by the exercise of reasonable diligence and in time to have been otherwise presented to the court, or (3) which the party was prevented from so presenting by duress, fear, or other sufficient cause. Black's Law Dictionary, *Fifth Edition,* 487, 144.

*Id.* at 856. In summary, CR 60.02 is not a separate avenue of appeal to be pursued in addition to other remedies, but is available only to raise issues which cannot be raised in other proceedings. Nothing we said in *Fryrear v. Parker,* Ky., 920 S.W.2d 519 (1996) alters or abrogates these principles.

██ Finally, as we pointed out in *Gross,* a CR 60.02 movant must demonstrate why he is entitled to this special, extraordinary relief. "Before the movant is entitled to an evidentiary hearing, he must affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief." *Gross v. Commonwealth, supra,* at 856.

### ALLEGED NEW EVIDENCE

██ The facts of this case are adequately set out in this Court's opinions on direct appeal, *McQueen v. Commonwealth,* Ky., 669 S.W.2d 519 (1984), and on appeal from the denial of his RCr 11.42 motion, *McQueen v. Commonwealth,* Ky., 721 S.W.2d 694 (1986). Suffice it to say that Appellant and his half-brother, Keith Burnell, robbed a Minit Mart store during which the store clerk, Rebecca O'Hearn, was killed by two shots, one to her head and the other to the back of her neck. Appellant's girlfriend, Linda Rose, waited in the car while the two men entered the store. She testified at trial that Appellant had the gun in his possession both when he left the car and when he returned after the shooting. She also testified that Appellant told her he

had shot the clerk twice. Appellant did not testify at trial. He was found guilty of both robbery and murder and was sentenced to twenty years for the robbery and to death for the murder of O'Hearn. Until two weeks before his scheduled execution, Appellant maintained that he had no memory of the robbery and murder.

Appellant claims in his CR 60.02 motion that there is "new" and "compelling" evidence of his innocence which entitles him to relief. Specifically, he asserts that his present counsel discovered on January 12, 1994 that there is an entry in the police investigative file indicating that Appellant claimed several days after the robbery and murder that it was not he, but Burnell, who actually killed O'Hearn.

Even if this were newly discovered evidence, such would only entitle Appellant to a new trial under RCr 10.06, not to extraordinary relief under RCr 11.42 or CR 60.02. *Polsgrove v. Commonwealth*, Ky., 439 S.W.2d 776 (1969). Regardless, under either rule, a motion for relief for newly discovered evidence must be made within one year after entry of the final judgment. *Id.* at 780; CR 60.02(b). Even if it could be argued (as Appellant implies) that evidence was deliberately concealed by the Commonwealth and that the fact of concealment should toll the one year limitations period, Appellant would be precluded from raising the issue after the expiration of one year from the date the evidence was discovered. The alleged discovery date is January 12, 1994. This motion was filed on June 18, 1997. Meanwhile, on May 5, 1994, Appellant filed a motion in federal district court under FRCP 60(b), the federal counterpart to CR 60.02, and did not include this newly discovered evidence as grounds for relief. *See generally McQueen v. Scroggy*, 99 F.3d 1302 (6th Cir.1996). His attempt to obtain relief on grounds of newly discovered evidence is too late.

■ Regardless, there is nothing "newly discovered" about this evidence. This is not a statement made to the police by an undisclosed witness or even a confession by an accomplice as in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). This is a statement made by Appellant, himself, in which he denies killing O'Hearn and accuses another of the deed. Since he made the statement, he knew of its existence and there was nothing to discover. In fact, Judge Adams found that the Commonwealth's Attorney had an "open file" discovery policy and Appellant does not claim that his trial counsel was unaware of the existence of the statement when the case was tried. In fact, Appellant's present counsel tacitly concedes that Appellant made a conscious decision not to accuse Burnell of the murder of O'Hearn and directed his counsel not to raise that defense. That was his option. With respect to trial strategy, a defendant is the pilot of his own ship. *Jacobs v. Commonwealth*, Ky., 870 S.W.2d 412 (1994). Having exercised that option, he cannot now change course after having remained silent for sixteen years, and raise the issue for the first time on the eve of his execution and expect to obtain a new trial. We note that evidence that Appellant told the police he was not the "trigger man" would not even have been admissible at his trial. Appellant did not testify, so there is no theory under which it could have been admitted as a prior statement. KRE 801A(a). Although it would be classified as an admission, admissions are admissible only *against* the declarant. KRE 801A(b)(1). (Although the evidence code was not in effect at the time of Appellant's trial, the code did not change existing law in this regard.) The evidence in question would have been proffered *by* Appellant, not *against* him.

■ Appellant admits he does not want a new trial, but only cites this evidence as "proof" of his innocence of murder and ineligibility for the death sentence. He would be satisfied to have his sentence commuted from death to life without benefit of parole (a sentence not authorized under Kentucky law). But newly discovered evidence is grounds only for a new trial. We are unaware of any authority which would permit a court to commute or alter a legally imposed sentence on the basis of newly discovered evidence.

■ Appellant's claim of a discovery violation per *Brady v. Maryland, supra,* is inap-

posite. The exculpatory evidence suppressed by the prosecution in that case was a statement made by the defendant's accomplice in which he admitted that it was he who had committed the actual killing. Such evidence was deemed exculpatory. We do not perceive a mere self-serving denial by a defendant to be "exculpatory" evidence in the context of a claimed *Brady* violation.

### EVIDENCE OF CHANGED CONDITIONS

■ Appellant asserts that his sentence should be commuted to life imprisonment because his attitude and character have changed during his sixteen years of confinement. He wants his penalty stayed so that he can introduce evidence that he has been a model prisoner and a religious convert during the interim in which our system of justice has been considering his myriad appeals. From such evidence, he would have us conclude that it is no longer equitable to impose the ultimate penalty fixed by the jury in this case. However, even if these facts were proven, they would afford no basis for relieving Appellant from the punishment legally imposed for the crimes which he has committed. We are unpersuaded by the reasoning of the Supreme Court of Arizona as expressed in *State v. Richmond*, 180 Ariz. 573, 886 P.2d 1329 (1994). These are arguments more properly addressed in a plea to the executive for clemency under Section 77 of our Constitution.

Because Movant has failed to affirmatively allege any facts which, if true, would justify vacating his sentence under CR 60.02, *Gross v. Commonwealth, supra*, at 856.

IT IS HEREBY ORDERED that the order of the Madison Circuit Court is AFFIRMED and that Appellant's motion for CR 60.02 relief and for a stay of his execution is DENIED.

All concur.

ENTERED: June 26, 1997.

/s/ Robert F. Stephens
Chief Justice