**Curtis WILSON, Petitioner–Appellant,**

v.

**Patti WEBB, Warden, Respondent–Appellee.**

No. 03–5918.

United States Court of Appeals, Sixth Circuit.

Aug. 13, 2004.

Curtis Wilson, Central City, KY, pro se.

Michael L. Harned, Asst. Atty. General, Office of the Attorney General, Frankfort, KY, for Respondent–Appellee.

Before BATCHELDER and DAUGHTREY, Circuit Judges; and DOWD, District Judge.*

*ORDER*

Curtis Wilson appeals from a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1995, a Kentucky jury convicted Wilson of six counts of sexual abuse, one count of first-degree sodomy, two counts of first-degree rape, and two counts of second-

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

degree rape. The trial court sentenced him to seventy-six years of imprisonment. In January 2003, Wilson filed his § 2254 petition, alleging that: 1) his ex post facto rights were violated; 2) his counsel rendered ineffective assistance; and 3) the trial court improperly instructed the jury. Over Wilson's objections, the district court adopted the magistrate judge's report and recommendation and dismissed his petition. On appeal, this court granted Wilson a certificate of appealability for the following issues: 1) whether Wilson's counsel rendered ineffective assistance by not challenging the trial court's amendment of one count in the indictment from second-degree sodomy to first-degree sodomy; and 2) whether Wilson procedurally defaulted this claim in state court and, if so, whether he has shown cause and prejudice to excuse the default.

Upon review, we conclude that the district court properly dismissed Wilson's habeas petition. This court reviews de novo a district court's dismissal of a § 2254 petition, but reviews the court's factual findings for clear error. *Hill v. Hofbauer*, 337 F.3d 706, 710 (6th Cir.2003). The district court shall not grant a habeas petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: 1) was contrary to, or involved an unreasonable application of, clearly established federal law; or 2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d).

Wilson procedurally defaulted his ineffective assistance of counsel claim by never raising it in the Kentucky state courts. When a habeas petitioner fails to obtain consideration of a claim by the state courts due to a state procedural rule that prevents the state courts from reaching the merits of the claim, the issue is procedurally defaulted and may not be considered by the federal court on habeas review. *Lancaster v. Adams*, 324 F.3d 423, 436 (6th Cir.), *cert. denied*, — U.S. —, 124 S.Ct. 535, 157 L.Ed.2d 409 (2003); *Seymour v. Walker*, 224 F.3d 542, 549–50 (6th Cir. 2000). In determining whether a claim has been procedurally defaulted, this court must first determine whether a procedural rule exists that is applicable to the claim and whether the petitioner did, in fact, fail to follow the rule. *Lancaster*, 324 F.3d at 436; *Greer v. Mitchell*, 264 F.3d 663, 672–73 (6th Cir.2001).

In this case, Wilson never raised his claim in the Kentucky courts. While Wilson argues that he raised his current ineffective assistance claim in his Ky. R.Crim. P. 11.42 motion, a review of that motion and the brief in Wilson's subsequent appeal reveals that this ineffective assistance of counsel claim was not one of the claims raised in that motion. Despite actively challenging his convictions in the state courts, Wilson has never presented his current claim to the state courts. Under Kentucky law, a convicted defendant may file one post-conviction motion under Rule 11.42 and thereafter will be barred from pursuing any further post-conviction relief. Ky. R.Crim. P. 11.42(3); *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky.1997). Since Wilson did not present his current claim in his Rule 11.42 motion, he failed to comply with the state procedural rule requiring presentation of all claims in that motion, and he lacks further state court remedies.

Second, the state courts must actually enforce the procedural sanction. *Lancaster*, 324 F.3d at 436; *Greer*, 264 F.3d at 672–73. As Wilson has never raised this claim in state court, those courts have never had an opportunity to enforce the procedural default. Nonetheless, Wilson raised numerous ineffective assistance of

counsel claims in the Rule 11.42 motion, and his current claim could have been raised in that motion as well. The Kentucky courts' prohibition against a second Rule 11.42 motion clearly precludes Wilson from raising the issue in the state courts.

Third, the state's procedural forfeiture must be an "adequate and independent" ground on which the state can rely to foreclose review of a federal constitutional claim. *Lancaster*, 324 F.3d at 436–37; *Greer*, 264 F.3d at 673. We conclude that Rule 11.42 is an adequate and independent ground foreclosing review of a petitioner's habeas claim.

As these three prerequisites are present, Wilson can avoid this procedural default only by showing that cause existed for the default and prejudice resulted from the default, or that a miscarriage of justice will result from enforcing the procedural default in his case. *Lancaster*, 324 F.3d at 437; *Seymour*, 224 F.3d at 550. Wilson does not argue cause to excuse the procedural default. As Wilson has not demonstrated cause, it is unnecessary to determine if he has shown prejudice. *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Additionally, Wilson has not met the burden of demonstrating his actual innocence, which would permit review of his claim. *Bousley*, 523 U.S. at 623, 118 S.Ct. 1604.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.