RENDERED: JULY 23, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0372-MR

J.L. CARPENTER          APPELLANT

            APPEAL FROM BUTLER CIRCUIT COURT
v.        HONORABLE PHILLIP PATTON, SPECIAL JUDGE
            ACTION NO. 00-CR-00042

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, McNEILL, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: J.L. Carpenter, *pro se*, brings this appeal from a January 23,

2020, Order of the Butler Circuit Court denying his motion brought pursuant to

Kentucky Rules of Criminal Procedure (RCr) 11.42 and Kentucky Rules of Civil

Procedure (CR) 60.02. We affirm.

Carpenter was indicted on August 10, 2000, upon 31 counts of first-degree sexual abuse of a female under twelve years of age and with being a persistent felony offender (PFO) in the first degree. Following a jury trial, Carpenter was convicted of one count of sexual abuse in the first degree. He was also found to be a PFO in the first degree. Carpenter was subsequently sentenced to fifteen-years' imprisonment. Carpenter's conviction was affirmed by this Court in an Opinion rendered June 10, 2005 (Appeal No. 2003-CA-1005-MR). Discretionary review was denied by the Kentucky Supreme Court.

Since Carpenter's conviction, he has filed numerous postconviction motions. This Court denied Carpenter's most recent post-conviction motion in *Carpenter v. Commonwealth*, No. 2018-CA-000574-MR, 2019 WL 3370666, at *2-3 (Ky. App. Jul. 26, 2019). This Court summarized the underlying procedural facts as follows:

> Carpenter filed [his first post-conviction motion] a Kentucky Rules of Criminal Procedure (RCr) 11.42 motion alleging ineffective assistance of counsel. On January 22, 2004, the trial court denied this motion; the court later denied the motion to alter, amend, or vacate its judgment. On March 2, 2007, this Court vacated and remanded the trial court's decision because it did not have the record before it and so sent the case back for reconsideration.
>
> On remand, Carpenter filed a *pro se* motion to supplement his RCr 11.42 motion. Counsel was appointed and an evidentiary hearing was held.

Thereafter, the trial court denied Carpenter's RCr 11.42 motion, which was affirmed by this Court on appeal.

On March 31, 2010, Carpenter filed a motion for resentencing; the trial court granted the motion and he was resentenced on August 10, 2010. Carpenter did not appeal that order. On August 8, 2011, Carpenter filed an amended RCr 11.42 motion arguing ineffective assistance of counsel. On August 25, 2011, Carpenter filed a second motion for resentencing. Following a hearing on these two motions, the trial court overruled both motions. This was affirmed by this Court on February 22, 2013.

On August 2, 2013, Carpenter filed his third motion for resentencing. The trial court held another hearing; thereafter, the court overruled the motion. This decision was not properly appealed. On January 6, 2014, Carpenter filed his fourth motion for resentencing. The trial court concluded that this motion was a rehash of his third motion for resentencing and overruled the motion on January 21, 2014.

*Id.* at *1. In the above Opinion rendered July 26, 2019, this Court also noted that Carpenter filed two more CR 60.02 motions in the trial court, the trial court denied both motions, and no appeal was taken from either denial. Then, on February 20, 2018, Carpenter filed another motion pursuant to CR 60.02. The trial court summarily denied that motion. In the July 26, 2019, Opinion, this Court affirmed the trial court's denial of CR 60.02 relief in Appeal No. 2018-CA-000574-MR.

On December 16, 2019, Carpenter filed the instant motion pursuant to CR 60.02 and RCr 11.42 to alter, amend, vacate, or set aside his conviction. By

Order entered January 23, 2020, the trial court denied Carpenter's motions without an evidentiary hearing. This appeal follows.

Carpenter contends the trial court erred by denying his motion pursuant to CR 60.02 and RCr 11.42. Essentially, Carpenter's contentions focus upon his assertions that the County Attorney and the Commonwealth Attorney acted improperly in his case.

As previously noted, Carpenter has filed numerous unsuccessful postconviction motions. Carpenter's conviction was also affirmed by direct appeal to this Court (Appeal No. 2003-CA-1005-MR). And, Carpenter previously filed a motion for resentencing which was granted; he was resentenced on August 10, 2010. All of Carpenter's contentions herein were either previously addressed in or should have been raised in the prior postconviction motions. It is well-established that this Court will not consider successive postconviction motions upon the same grounds of relief or upon grounds that could have been asserted in previous motions. *See McQueen v. Commonwealth*, 948 S.W. 2d 415, 416 (Ky. 1997). For this reason, we believe that the trial court properly denied Carpenter's motions pursuant to RCr 11.42 and CR 60.02.

For the foregoing reasons, the January 23, 2020, Order of the Butler Circuit Court denying Carpenter's motion for postconviction relief is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

J.L. Carpenter, *Pro Se*
Eddyville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky