RENDERED:  OCTOBER 1, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1158-MR

MEIESHA SHARP                                        APPELLANT

APPEAL FROM HENDERSON CIRCUIT COURT
v.           HONORABLE KAREN L. WILSON, JUDGE
ACTION NOS. 12-CR-00162, 12-CR-00163, AND 12-CR-00192

COMMONWEALTH OF KENTUCKY                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, GOODWINE, AND LAMBERT, JUDGES.

COMBS, JUDGE:  This is a criminal case in which Appellant, Meiesha Sharp

(Sharp), appeals from the denial of her motion to vacate her conviction pursuant to

CR[1] 60.02.  After our review, we affirm.

On September 12, 2012, a Henderson County grand jury indicted

Sharp on four counts of first-degree robbery, all of which occurred over a two-

---

[1] Kentucky Rules of Civil Procedure.

week period in June 2012.  (Nos. 12-CR-00162, 12-CR-00163, and 12-CR-00192).

Sharp was also charged federally for a bank robbery that occurred in the same time

period.

Sharp accepted a plea bargain and pled guilty to the state charges in

Henderson Circuit Court in exchange for a 15-year sentence to serve on each of the

robberies to run concurrently with each other and concurrently with Sharp's

sentence for her federal conviction in No. 4:12-CR-28-JHM.  On October 2, 2014,

the court entered judgments of conviction and sentence in accordance with the plea

agreement.

On April 16, 2019, Sharp, *pro se*, filed a motion pursuant to CR

60.02, asserting that she is presently serving a 15-year sentence at the Kentucky

Correctional Institution for Women (KCIW) on the state indictments, which were

to be run concurrently with her federal conviction; that when she signed the plea

agreement, she was not notified that the United States District Court would have to

agree to the concurrent running of the sentences; and that upon being incarcerated

at KCIW, Sharp was notified "that she will be serving the 15 year sentence at 85%

in a Kentucky State Prison then released to F.B.O.P.[2] where she would serve a 10

year sentence at 85% on Federal Conviction 12-CR-28-JHM."  Sharp contended

that if she had known that the plea agreement would result in her serving a total of

---

[2] Federal Bureau of Prisons.

25 years at 85% instead of 15 years at 85%, she never would have signed it. Sharp

requested that her state sentence be amended from 15 years at 85% to 10 years at

85%, that she serve out its remainder in Kentucky, and that she then be released to

the F.B.O.P.

By amended order entered May 6, 2019, the trial court denied Sharp's

motion without an evidentiary hearing as follows:

> [Sharp] now moves to vacate the conviction in this
> case pursuant to CR 60.02. She states that her attorney
> did not advise her that Kentucky's recommendation was
> not binding on the federal court and that there was a
> likelihood that she would have to serve the state sentence
> consecutively to the federal one.
>
> CR 60.02 allows a court, in its discretion, to
> relieve a party of its final judgment if that judgment is
> void or inequitable, or for other reasons of an
> extraordinary nature. Grounds for relief under CR 60.02
> are not the same as under RCr[3] 11.42. Gross v.
> Commonwealth, Ky., 648 S.W.2d 853 (1983). In a
> criminal case, these rules are not overlapping but separate
> and distinct. CR 60.02 is not intended merely as an
> additional opportunity to litigate the same issues which
> were presented or could reasonably have been presented
> by direct appeal or RCr 11.42 proceedings. Id., 856;
> McQueen v. Commonwealth, Ky., 948 S.W.2d 415
> (1997).
>
> Review of the record shows that the defendant's
> argument, ineffective assistance of counsel, is one that
> could reasonably have presented [sic] under RCr 11.42.
> One of the defendant's exhibits is a letter the Department
> of Public Advocacy [(DPA)] wrote to Sharp dated March

---

[3] Kentucky Rules of Criminal Procedure.

24, 2017, which states that the federal government is not bound by state judgments and advises that under federal law, conviction of a violent crime enhanced by possession of a gun would carry a "mandatory consecutive sentence."[4] This letter was sent within the three years allowed to file a motion under RCr 11.42.

Further, having reviewed the record, the Court does not believe that Sharp has shown that [s]he is entitled to relief. First, the Court concludes that the motion was not made within a reasonable time. It has been over four years since the defendant's sentencing. Finally, . . . the Court does not believe that the defendant's allegations show cause for the extraordinary relief contemplated by CR 60.02.

Sharp appeals. CR 60.02(f) provides that a court may relieve a party from its final judgment for "any other reason of an extraordinary nature justifying relief." The rule further provides that "[t]he motion shall be made within a reasonable time[.]"

Sharp first argues that her CR 60.02 motion was timely and should be reviewed on the merits.

What constitutes a reasonable time in which to move to vacate a judgment under CR 60.02 is a matter that addresses itself to the discretion of the trial court. . . . Absent some flagrant miscarriage of justice an appellant court should respect the trial court's exercise of discretion in these circumstances.

---

[4] The letter, from the DPA office in LaGrange, Kentucky, is actually dated March 27, 2017, and it states that it is in response to Sharp's letter requesting assistance received on March 24, 2017. (Supplemental Record, Exhibit D.2 to CR 60.02 Motion).

*Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983). Sharp maintains that the trial court abused its discretion in holding that her motion was not made in a reasonable time "simply because it had been over four years since she was sentenced without acknowledging or accounting for the diligence with which Ms. Sharp pursued her case[.]" We cannot agree.

The trial court explained that it had reviewed the record and that one of Sharp's exhibits was the DPA's letter of March 27, 2017, to Sharp stating that the federal government is **not bound** by state judgments and that under federal law, conviction of a violent crime enhanced by possession of a gun would carry a "mandatory consecutive sentence." The trial court found that "[t]his letter was sent within the three years allowed to file a motion under RCr 11.42."[5]

We cannot say that the trial court abused its discretion in determining that Sharp did not file her CR 60.02 motion within a reasonable time.

Sharp next argues that her plea agreement is essentially a contract subject to the principles of contract law and that she is entitled to the benefit of her bargain, citing, *inter alia*, *Elmore v. Commonwealth*, 236 S.W.3d 623 (Ky. App. 2007). The Commonwealth asserts that the "contract claims" Sharp raises on

---

[5] RCr 11.42(10) provides that "[a]ny motion under this rule **shall** be filed within three years after the judgment becomes final[.]" (Emphasis added.)

appeal were not "explicitly mentioned" in her CR 60.02 motion and cannot be raised for the first time on appeal. We agree.

> On appeal, a party may only present those issues that were fully presented to the trial court and, further, may not bring forward new legal grounds on appeal to challenge those errors. This rule is a keystone of Kentucky appellate practice, and the policies undergirding it remain strong.

*Henderson v. Commonwealth*, 438 S.W.3d 335, 343 (Ky. 2014) (footnote omitted).

In the case before us, the trial court did not accept Sharp's agreement that she was entitled to the relief she sought, and it believed correctly that her argument is one that she could have presented under RCr 11.42. It is well-established that:

> The structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and *thereafter* in CR 60.02. CR 60.02[,] . . . is for relief that is not available by direct appeal and not available under RCr 11.42. The movant must demonstrate why he is entitled to this special, extraordinary relief. Before the movant is entitled to an evidentiary hearing, he must affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief.

*Gross*, 648 S.W.2d at 856. In *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997), our Supreme Court further explained as follows:

> The interrelationship between CR 60.02 and RCr 11.42 was carefully delineated in *Gross v. Commonwealth*, Ky.,

648 S.W.2d 853 (1983). In a criminal case, these rules are not overlapping, but separate and distinct. **A defendant who is in custody under sentence or on probation, parole or conditional discharge, is required to avail himself of RCr 11.42 as to any ground of which he is aware, or should be aware, during the period when the remedy is available to him**. Civil Rule 60.02 is not intended merely as an additional opportunity to relitigate the same issues which could "reasonably have been presented" by direct appeal or RCr 11.42 proceedings. RCr 11.42(3); *Gross v. Commonwealth*, *supra*, at 855, 856. The obvious purpose of this principle is to prevent the relitigation of issues which either were or could have been litigated in a similar proceeding. As stated in *Gross*, CR 60.02 was enacted as a substitute for the common law writ of coram nobis.

> The purpose of such a writ was to bring before the court that pronounced judgment errors in matter of fact which (1) had not been put into issue or passed on, (2) were unknown and could not have been known to the party by the exercise of reasonable diligence and in time to have been otherwise presented to the court, or (3) which the party was prevented from so presenting by duress, fear, or other sufficient cause. Black's Law Dictionary, *Fifth Edition*, 487, 144.

*Id.* at 856. In summary, **CR 60.02** is not a separate avenue of appeal to be pursued in addition to other remedies, but **is available only to raise issues which cannot be raised in other proceedings**.

*McQueen*, 948 S.W.2d at 416 (emphases added).

We agree with the trial court that Sharp could have reasonably -- and timely -- presented her claim under RCr 11.42. She failed to do so. Accordingly,

CR 60.02 is not available to Sharp as an avenue of relief. We conclude that the trial court did not abuse its discretion in denying Sharp's motion.

We affirm the order of the Henderson Circuit Court denying the CR 60.02 motion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Andrea Reed
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christopher C. Bailey
Assistant Attorney General
Frankfort, Kentucky