RENDERED: FEBRUARY 4, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0633-ME

ARNOLD JAWAHIR                                                        APPELLANT

v.          APPEAL FROM MEADE CIRCUIT COURT
HONORABLE KENNETH H. GOFF, II, JUDGE
ACTION NO. 18-CI-00340

DAGMAR JAWAHIR                                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, DIXON, AND K. THOMPSON, JUDGES.

DIXON, JUDGE: Arnold Jawahir appeals from the findings of fact, conclusions

of law, and judgment/decree entered by the Meade Circuit Court on May 13, 2021.

After careful review of the briefs, record, and law, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

The underlying proceeding is for dissolution of the parties' marriage

and attendant orders relating to their children, maintenance, and the allocation of

marital property. A hearing was held before a domestic relations commissioner whose recommendations were then accepted, without objection, by the court on May 13, 2021. Arnold timely filed a notice of appeal.

## ANALYSIS

The crux of Arnold's appeal is that, through what he alleges is clerk error, he did not receive various orders of the court and, as a result, was deprived notice of the proceedings and prevented from presenting his own evidence. Accordingly, Arnold argues the judgment should be set aside due to excusable neglect and urges this Court to grant him relief pursuant to CR[1] 60.02.[2] Dagmar disputes Arnold's claim of excusable neglect and, moreover, argues that Arnold's claims are not properly before this Court. We agree that Arnold's claims are not ripe for our review.

On appeal, the role of the appellate court is to review the decisions of the trial court. *See Jones v. Livesay*, 551 S.W.3d 47 (Ky. App. 2018). Accordingly, it has long been held that "'[a] new theory of error cannot be raised

---

[1] Kentucky Rules of Civil Procedure.

[2] In his brief, Arnold acknowledges that his claims would customarily be raised via a CR 60.02 motion; however, citing the fact that CR 60.02 motions do not extend the time to take an appeal, Arnold asserts his only viable choice was to file this direct appeal. We disagree. CR 60.02 provides a method for raising claims which cannot be raised in other proceedings. *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997). One of the acknowledged purposes of the rule is to "bring before the court that pronounced judgment errors in matter of fact which . . . the party was prevented from so presenting by duress, fear, or other sufficient cause." *Id.* (quoting *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983).

for the first time on appeal'" and that such claims "will not support a favorable ruling on appeal." *Id.* at 52 (quoting *Springer v. Commonwealth*, 998 S.W.2d 439, 446 (Ky. 1999)). Herein, because Arnold has not afforded the circuit court an opportunity to rule upon his claim of excusable neglect, it cannot serve as a basis of reversal on appeal, and we must therefore affirm.

## CONCLUSION

Therefore, and for the forgoing reasons, the judgment of the Meade Circuit Court is AFFIRMED.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Wallace N. Rogers<br>Louisville, Kentucky | Douglas E. Miller<br>Radcliff, Kentucky |