RENDERED:  FEBRUARY 24, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0177-MR

KEVIN MITCHELL FOX                                      APPELLANT


APPEAL FROM NELSON CIRCUIT COURT
v.        HONORABLE CHARLES C. SIMMS, III, JUDGE
ACTION NO. 12-CR-00176


COMMONWEALTH OF KENTUCKY                                APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CETRULO AND ECKERLE,
JUDGES.

ECKERLE, JUDGE:  Kevin Mitchell Fox (Fox) appeals from an order of the

Nelson Circuit Court denying his motion for relief from his judgment of conviction

pursuant to CR[1] 60.02.  We agree with the Trial Court that Fox failed to bring this

---

[1] Kentucky Rules of Civil Procedure.

motion within a reasonable time.  We further conclude that his allegations involve matters that were not properly raised under CR 60.02 and that he failed to demonstrate extraordinary grounds for relief.  Hence, we affirm.

Following a jury trial, Fox was convicted of first-degree sexual abuse and sentenced to two years' imprisonment.  On direct appeal, this Court affirmed his conviction.  *Fox v. Commonwealth*, No. 2014-CA-0674-MR, 2016 WL 837291 (Ky. App. Mar. 4, 2016).  The Supreme Court of Kentucky denied discretionary review on September 15, 2016.

On September 7, 2017, Fox filed a *pro se* notice of intent to file a motion to alter, amend, or vacate his sentence pursuant to RCr[2] 11.42.  However, he subsequently withdrew the notice.  Thereafter, on April 19, 2018, Fox filed a *pro se* CR 60.02 motion to vacate his judgment of conviction.  Fox based this motion, in part, on newly discovered evidence.  He also withdrew this motion.

Instead, Fox filed an RCr 11.42 motion, alleging ineffective assistance of trial and appellate counsel.[3]  Among other things, Fox asserted that he was prejudiced by trial counsel's failure to discover evidence of the victim's

---

[2] Kentucky Rules of Criminal Procedure.

[3] Fox initially filed this motion *pro se*, but the Trial Court appointed the Department of Public Advocacy (DPA) to represent him.  The DPA moved to withdraw after determining that the motion was "not a proceeding that a reasonable person with adequate means would be willing to bring at his or her own expense."  Kentucky Revised Statutes (KRS) 31.110(2)(c).  For the same reason, the DPA withdrew from Fox's appeal from the denial of his RCr 11.42 motion.

-2-

whereabouts at the time the crime was committed. The Trial Court denied Fox's motion on October 31, 2019. This Court dismissed Fox's appeal as moot because he had served his sentence and was released from custody. *Fox v. Commonwealth*, No. 2020-CA-0258-MR (Order Dismissing Aug. 5, 2021).

Fox filed his current CR 60.02 motion on August 3, 2019. The motion again alleged that his trial counsel failed to interview witnesses and discover that the victim was not in Kentucky at the time the crime was committed. The Trial Court denied the motion in an opinion and order entered on January 14, 2022. The Court's order specifically noted that this issue was raised at a pre-trial hearing under KRE[4] 404(b). Fox's trial counsel questioned the victim and the victim's mother regarding whether she was on fall break at the time the crime was committed. The Court also concluded that the motion was untimely because Fox could have learned of any new evidence affecting the victim's credibility within one year of the judgment of conviction. Fox filed a motion to reconsider the order, CR 59.05, which the Trial Court denied. This appeal followed.

CR 60.02 permits a court to relieve a party from a final judgment on the following grounds: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence, which by due diligence could not have been

---

[4] Kentucky Rules of Evidence.

discovered in time to move for a new trial under Rule 59.02; (c) perjury or falsified evidence; (d) fraud affecting the proceedings, other than perjury or falsified evidence; (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief.

The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken. *Id.* As noted above, the Trial Court found that Fox could have discovered the new evidence through the exercise of due diligence. A Trial Court's decision as to "[w]hat constitutes a reasonable time in which to move to vacate a judgment under CR 60.02 is a matter that addresses itself to the discretion of the trial court." *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983).

Fox takes issue with the Trial Court's finding, asserting that the newly discovered evidence came from the victim's Facebook page, which he could not access while he was in prison. But as the Trial Court noted, Fox's counsel asked the victim whether she was in Florida during the fall break of 2011. Fox does not allege that the Facebook post was created after the trial, or that it was inaccessible at any earlier date. He simply alleges that his mother did not discover the post

until 2019. Under the circumstances, the Trial Court did not abuse its discretion in finding that Fox failed to bring his motion within a reasonable time.

We further note that CR 60.02 is for relief that is not available by direct appeal and not available collaterally under RCr 11.42. *Gross*, 648 S.W.2d at 856. CR 60.02 is not intended to afford individuals an additional opportunity to re-litigate issues that have already been presented in an earlier direct appeal or collateral attack or present new issues that could have been raised in those proceedings. *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997); RCr 11.42(3). And CR 60.02 should only be used to provide relief when the movant demonstrates why he or she is entitled to the special, extraordinary relief provided by the rule. *Gross*, 648 S.W.2d at 856.

Fox had the opportunity to raise this issue on direct appeal and in his prior RCr 11.42 motion. In fact, he raised the issue in his RCr 11.42 motion, which the Trial Court ruled upon while he was still incarcerated. Therefore, he was not entitled to raise it again in his current CR 60.02 motion.

Finally, Fox argues that his motion was timely under CR 60.02(f). The Commonwealth notes that Fox did not assert this ground for relief in his motion to the Trial Court. Thus, the alleged error is not preserved for review. In any event, Fox likewise fails to show either that his motion was brought within a reasonable time, or that he is entitled to extraordinary relief on this basis.

Accordingly, we affirm the order of the Nelson Circuit Court denying Fox's CR 60.02 motion.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Kevin Mitchell Fox, *pro se*
Citrus Springs, Florida

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Bryan D. Morrow
Assistant Attorney General
Frankfort, Kentucky