RENDERED: MAY 9, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1332-MR

DARNELL SMITH                                                APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE SARAH E. CLAY, JUDGE
ACTION NO. 14-CR-000973

COMMONWEALTH OF KENTUCKY                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, L. JONES, AND McNEILL, JUDGES.

ACREE, JUDGE: Appellant, Darnell Smith, appeals the Jefferson Circuit Court's

order denying his Motion to Vacate pursuant to CR[1] 60.02(f). We affirm.

---

[1] Kentucky Rules of Civil Procedure.

# BACKGROUND

Smith was tried and convicted for offenses arising from three separate incidents, all of which occurred over the course of seven days in January 2014.

The first took place in the evening on January 18 in Louisville's Phoenix Hill neighborhood. Two individuals followed Wesley Kinsolving off a bus, physically assaulted him, robbed him of the belongings on his person, and forced Kinsolving to let them into his apartment. There they stole additional property before fleeing.

Kinsolving identified Smith as the main perpetrator through a photo lineup and again at trial. Specifically, Kinsolving testified Smith told him during the first assault, "I've got a clip in my back pocket . . . and if you don't let me in [your apartment], I'm going to shoot you right now." (Video Record (VR) 5/5/2015 at 13:59:01). He also testified that he previously told police he felt something pressed in his back when Smith told him he had a "clip." (VR 5/5/2015 at 14:58:50). Further, a 911 call placed by Kinsolving's neighbor relayed to the operator that Kinsolving "said [Smith] had a gun but he didn't see anything." (VR 5/5/2015 at 15:35:50).

The second incident occurred the same evening. Joshua Worthington, a nurse at Jewish Hospital in downtown Louisville, was outside on a smoke break. Two men approached him on foot, and one asked for a cigarette. Worthington said

no. The man punched Worthington in the face, stole his cell phone, and ran away. Although Worthington never positively identified the assailant as Smith, surveillance footage matched that of the two suspects on the bus prior to the Kinsolving robbery. Law enforcement was also able to identify Smith through knowledge of prior incidents involving him.

The third incident occurred six days later, during the evening of January 24. Rodney Pino was parking his vehicle at his apartment's parking lot when two men approached, and one asked for a cigarette. Pino agreed, but as he was exiting his vehicle, the man grabbed him and began fighting. Pino testified that during the struggle, the man "started acting like he may have a weapon on him, a gun," because he kept reaching under his hoodie into his waistline and holding his hand there. (VR 5/6/2015 at 9:46:27, 9:52:44). Pino also testified the man told him, "You don't want it," which Pino interpreted to mean, "You don't want to get shot." (VR 5/6/2015 at 9:53:02). Pino's son was also in the vehicle and testified the man "acted like he had a gun." (VR 5/6/2015 at 10:48:22).

The man ordered his companion into the vehicle's driver seat while he, the attacker, jumped into the passenger seat. They fled. Police apprehended the vehicle shortly thereafter and Smith exited from the passenger side, briefly attempting to flee on foot before submitting to police. Pino arrived at the scene and identified Smith as his attacker.

Smith faced various charges for these incidents, four of which are relevant to this appeal: three counts of first-degree robbery and one count of first-degree burglary. The jury instructions for each of these offenses were "combination instructions" which allowed the jury to choose from different theories under which Smith could have been guilty of a single offense. To illustrate, the instruction for first-degree robbery involving Pino required the jury to find that Smith:

A. . . . stole a car from Rodney Pino;

AND

B. That in the course of so doing and with intent to accomplish the theft, he used or threatened the immediate use of physical force upon Rodney Pino;

AND

C. That when he did so,

1. the defendant caused physical injury to Rodney Pino by striking him;

OR

2. the defendant was armed with a gun, which was a deadly weapon as defined under Instruction No. 8;

OR

3. the defendant threatened Rodney Pino with the use of a gun, which was a dangerous instrument as defined under Instruction No. 8.

Smith was convicted under these instructions and sentenced to an enhanced total of 25 years in prison due to his status as a second-degree persistent felony offender.

In 2017, Smith appealed his convictions to the Kentucky Supreme Court. Of the four claims of error raised, none pertained to the jury instructions. The Supreme Court affirmed his convictions and sentence.

Later in 2017, Smith filed a *pro se* motion to vacate his sentence under RCr[2] 11.42. He raised no claim involving a violation of his right to a unanimous verdict based on the jury instruction that he was "armed with a gun." The Department of Public Advocacy (DPA) was appointed to represent him. However, after review of his motion, DPA found the motion to be one that a person with means would not bring in the same circumstances and filed its own motion to withdraw. The circuit court granted DPA's motion and Smith's appeal of that order was dismissed by this Court. *Smith v. Commonwealth*, No. 2018-CA-1081-MR (Ky. App. Jun. 7, 2019) (Order Dismissing).

Smith subsequently filed another motion to vacate his sentence, this time pursuant to CR 60.02, on the basis that a change in the law had made his offenses non-violent. This motion was denied because there was no such change.

---

[2] Kentucky Rules of Criminal Procedure.

Smith filed yet another *pro se* CR 60.02 motion to vacate in 2022. He identified five errors justifying relief: (1) insufficient evidence; (2) lack of notice; (3) denial of unanimous verdict; (4) denial of lesser included offense instructions; and (5) cumulative error. Appointed counsel submitted a supplemental motion which clarified Smith's claim regarding the combination jury instructions.

The circuit court denied Smith's motion, finding all but the unanimous verdict claim should have been raised in earlier proceedings. Regarding the unanimous verdict claim, the circuit court noted trial counsel's objection to the instructions and failure to raise the issue on direct appeal or at the RCr 11.42 stage. The circuit court attributed these inactions to previous ineffective assistance of counsel and declined to hold that against Smith.

Nevertheless, after analyzing the merits of Smith's claim, the circuit court determined that while the jury instructions were impermissible and led to the possibility of a non-unanimous verdict, the Kentucky Supreme Court's recent decisions in *Sexton v. Commonwealth* and *Johnson v. Commonwealth* precluded relief. 647 S.W.3d 227 (Ky. 2022); 676 S.W.3d 405 (Ky. 2023) (juror unanimity issues are not structural, and reversal is not the essential result of an error). Relying on these opinions, the circuit court determined the error in Smith's case was not palpable and did not "jump off the page" as meriting relief. This appeal follows.

## ANALYSIS

### I.    Smith's claim is untimely.

Both parties agree the jury unanimity issue was preserved when Smith's trial counsel objected to the jury instructions and submitted his own proposed instructions. Objections to jury instructions that violate a defendant's right to a unanimous verdict can be preserved "(1) by offering an instruction; (2) by motion; or (3) by making a specific objection before the court instructs the jury." *Jerome v. Commonwealth*, 653 S.W.3d 81, 85 (Ky. 2022) (citing RCr 9.54(2)).

The critical issue, however, is that CR 60.02 cannot be used as a mechanism for successive post-judgment motions. The rule is not intended merely as an additional opportunity to relitigate the same issues which could have reasonably been presented by direct appeal or at the RCr 11.42 stage. *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997). Indeed, RCr 11.42(3) states in no uncertain terms that "[t]he motion shall state all grounds for holding the sentence invalid of which the movant has knowledge. Final disposition of the motion shall conclude all issues that could reasonably have been presented in the same proceeding." Smith had knowledge of the alleged juror unanimity issue. Counsel objected to the instructions at trial. All necessary facts and information were available to bring this claim during Smith's prior appeals, and reasonable

diligence would have uncovered this issue. Yet, Smith did not raise the issue during his direct appeal, his RCr 11.42 motion, nor his previous CR 60.02 motion.

We agree with the Commonwealth that the circuit court should not have reached the merits of Smith's unanimous verdict claim, as it should have been raised prior to his current CR 60.02 motion. Because the juror unanimity claim did not result in palpable error – as the circuit court correctly determined – prior counsel did not prejudice Smith by declining to raise the issue within a reasonable time or through the proper appellate mechanism. However, for completeness, and because the circuit court did likewise, we will address Smith's arguments on the merits.

## II.  Smith's juror unanimity claim is meritless.

Smith argues that prior counsel's failure to raise the juror unanimity issue either on direct appeal or at the RCr 11.42 stage is the "precise reason that his claim is proper under CR 60.02, not a reason to disregard the merits of his argument." (Appellant's Reply Brief at 2). We disagree with Smith to the extent he argues he was prejudiced by prior counsel's withdrawal from representation. Counsel moved to withdraw after reviewing the record and determining it was not a "proceeding that a reasonable person with adequate means would be willing to bring at his or her own expense." (Record (R.) Vol. III at 499). The circuit court granted the motion the following day, indicating its concurrence that no

meritorious claim existed.  Having reviewed the record, we agree with the determination that no meritorious claim existed.

Kentucky has long required criminal convictions by a unanimous jury verdict.  *Capstraw v. Commonwealth*, 641 S.W.3d 148, 157-58 (Ky. 2022). Indeed, it is a principle embedded in Section 7 of the Kentucky Constitution and the Sixth Amendment to the United States Constitution.  Notably, however, a "'combination' instruction permitting a conviction of the same offense under either of multiple alternative theories does not deprive a defendant of his right to a unanimous verdict, so long as there is evidence to support a conviction under either theory." *Brown v. Commonwealth*, 553 S.W.3d 826, 839 (Ky. 2018) (internal quotation marks and citations omitted).  For additional guidance, we turn to the federal Supreme Court's explanation of combination instructions:

> [A] jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime. Where, for example, an element of robbery is force or the threat of force, some jurors might conclude that the defendant used a knife to create the threat; others might conclude he used a gun. But that disagreement – a disagreement about means – would not matter as long as all 12 jurors unanimously concluded that the Government had proved the necessary related element, namely, that the defendant had threatened force.

*Richardson v. United States*, 526 U.S. 813, 817 (1999) (citations omitted).  Here, for each offense, the jury was presented with three alternative theories under which

Smith could be convicted, that he either: (1) caused physical injury by striking and/or strangling him; (2) was armed with a gun, which was a deadly weapon; or (3) threatened the victim with the use of a gun, which was a dangerous instrument. Smith takes issue with the third theory, contending the jury was presented with insufficient evidence to support a finding that Smith used a gun during each incident. We disagree.

Smith concedes there was ample evidence to justify instructions under KRS[3] 515.020(1)(c) for the Kinsolving robbery and by extension for the instruction under KRS 511.020(1)(c) since they depend on the same facts. For the Worthington robbery, there was evidence to support that Appellant caused physical injury, satisfying part of the combination instruction. For the Pino robbery, there was evidence of an accompanying threat, satisfying part of that combination instruction.

The Kinsolving robbery/burglary carried the greatest punishment, and the other two offenses were concurrent sentences. At trial, evidence was introduced to support the following: While committing crimes against Kinsolving, Smith threatened Kinsolving with a "clip" and made gestures under his hoodie to suggest he had a firearm in his pocket. Later, at one point during the assault against him, Kinsolving testified he felt Smith poking him in the back with

---

[3] Kentucky Revised Statutes.

"something." Sufficient evidence was presented for the jury to find guilt for subsection (1) and (3). Relying on the Supreme Court's guidance in *Richardson*, we are convinced the jury unanimously concluded the Commonwealth proved the necessary element: Smith threatened the use of physical force. There is therefore no error "so manifest, fundamental and unambiguous that it threatens the integrity of the judicial process" such that reversal is warranted. *Johnson*, 676 S.W.3d at 417. The circuit court correctly determined Smith is not entitled to relief.

## **CONCLUSION**

Based on the foregoing, the Jefferson Circuit Court's order is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Aaron P. Riggs
La Grange, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General
Frankfort, Kentucky