RENDERED:  AUGUST 8, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0719-MR

ALGER C. FERGUSON                                               APPELLANT

|     | APPEAL FROM LAWRENCE CIRCUIT COURT |
| --- | --- |
| v.  | HONORABLE JOHN K. HOLBROOK, JUDGE |
|     | ACTION NO. 03-CR-00062 |

COMMONWEALTH OF KENTUCKY                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, CETRULO, AND ECKERLE, JUDGES.

ECKERLE, JUDGE:  Pursuant to Kentucky Rule of Civil Procedure ("CR")

60.02(f), Appellant, Alger C. Ferguson ("Ferguson"), *pro se*, appeals the Lawrence

Circuit Court Order denying his motion for relief.  Ferguson alleged in his CR

60.02 motion that he should be relieved from his murder conviction and sentence

of life imprisonment on the grounds that he was not represented by counsel at the

sentencing phase of the trial, in violation of his constitutional rights.  On April 29,

2024, the Lawrence Circuit Court denied Ferguson's CR 60.02 motion for failing to bring the motion within a reasonable time. Ferguson now appeals the denial of his motion, arguing that the Lawrence Circuit Court erred in its failure "to rule on the merits of a *valid* 60.02 motion to vacate," by denying his motion on the sole basis that it was not filed within a reasonable time. Appellant Brief, unnumbered page (emphasis added). After careful review, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Almost 20 years ago, on November 14, 2005, a jury convicted Ferguson of murder. Record ("R.") at 231-33. The Trial Court sentenced him to life imprisonment on December 9, 2005. R. at 232.

Prior to and during the trial, Ferguson was represented by counsel, Hon. Leo Marcum. Ferguson, unsatisfied with the performance of his attorney, elected to represent himself during the trial following the close of the Commonwealth's case in chief. R. at 317. The Trial Court admonished Ferguson of the potential issues that may arise if he chose to represent himself and advised Ferguson of his constitutional right to counsel. R. at 318-22. Ferguson affirmatively waived his right to be represented by counsel. R. at 324. The Trial Court permitted Ferguson to represent himself but ordered Mr. Marcum to remain as stand-by counsel in the remainder of Ferguson's trial for both the guilt and sentencing phases. R. at 321-22.

-2-

Following Ferguson's conviction and sentence, Ferguson, through counsel, directly appealed, alleging five errors: the denial of his right to a speedy trial; the Trial Court's permitting him to proceed without counsel; the admonition of the jury regarding Ferguson proceeding *pro se;* the failure to qualify expert witnesses; and the award of insufficient jail time credit. R. at 311. *Ferguson v. Commonwealth*, No. 2006-SC-000156-MR, 2007 WL 4462368, *1 (Ky. Dec. 20, 2007). The Supreme Court of Kentucky affirmed the conviction, although it remanded the matter of jail time credit. *Id.*

In 2008, Ferguson, *pro se*, filed a motion pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42, requesting that the Trial Court vacate his sentence on the grounds that he was constructively deprived of his constitutional right to counsel at trial, citing the alleged ineffective assistance of Mr. Marcum in multiple facets. R. at 336-47. On April 28, 2016, the Trial Court denied Ferguson's RCr 11.42 motion. R. at 486. Ferguson appealed the Trial Court's denial of his RCr 11.42 motion, which the Supreme Court of Kentucky ultimately upheld on August 29, 2019. R. at 525. *Commonwealth v. Ferguson*, 581 S.W.3d 1, 8 (Ky. 2019).

On August 3, 2023, Ferguson filed the present CR 60.02 motion, arguing that he was deprived of his constitutional right to counsel at the sentencing phase of his 2005 trial. R. at 565. Specifically, Ferguson argued that the Trial

Court violated his rights pursuant to the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, as well as his state constitutional rights, when it proceeded from the guilt phase of the trial to the penalty phase without again asking if Ferguson wished to continue to represent himself with Mr. Marcum serving as hybrid counsel. On April 29, 2024, the Trial Court denied the CR 60.02 motion, without an evidentiary hearing, on the grounds that Ferguson failed to bring the CR 60.02 motion within a reasonable time. R. at 652-53. That ruling is the basis of this appeal.

## STANDARD OF REVIEW

This Court reviews a Trial Court's ruling on a motion pursuant to CR 60.02 for abuse of discretion. *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). Abuse of discretion is a highly deferential standard, and we will not disturb a Trial Court's decision unless it is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## ANALYSIS

I.  **Did the Trial Court abuse its discretion in denying Ferguson's CR 60.02 motion on the basis of untimeliness?**

Ferguson cites multiple subsections of CR 60.02 as grounds for his motion. However, his argument that he was deprived of his constitutional right to

-4-

counsel only properly falls under Subsection (f) of CR 60.02.[1] When a CR 60.02 motion alleges that sentences were obtained in violation of a defendant's constitutionally protected rights, the claim falls within the category of CR 60.02(f), *i.e.*, "any other reason of an extraordinary nature justifying relief." *Gross*, 648 S.W.2d at 857 (holding that claims alleging that convictions were obtained in violation of a defendant's constitutional rights only fit the grounds of CR 60.02(f)). Because the crux of Ferguson's arguments in his CR 60.02 motion is that he was deprived of his constitutionally protected right to counsel, the grounds are properly categorized under CR 60.02(f).

Ferguson's CR 60.02(f) motion was required to have been "made within a reasonable time." CR 60.02. Although a CR 60.02 motion made on the grounds of mistake, newly discovered evidence, or perjury must be made within one year after the judgment or order, all other CR 60.02 motions, including those made pursuant to Subsection (f), are only required to "be made within a reasonable time." CR 60.02. In Ferguson's case, because his CR 60.02 motion was pursuant to Subsection (f), he was not subjected to the one-year limitation but was nevertheless required to make his CR 60.02 motion "within a reasonable time."

---

[1] Many of the "subsections" referenced by Ferguson in his CR 60.02 motion are not actual subsections within CR 60.02. *E.g.*, Ferguson cites to CR 60.02(2) when claiming fraud and CR 60.02(3) when claiming ineffective assistance of counsel, neither of which are existing subsections within CR 60.02, as CR 60.02 is only divided into alphabetic subsections.

The determination of "[w]hat constitutes a reasonable time . . . under CR 60.02 is a matter that addresses itself to the discretion of the trial court. . . . Absent some flagrant miscarriage of justice an appellant [sic] court should respect the trial court's exercise of discretion in these circumstances." *Gross*, 648 S.W.2d at 858. In *Gross*, the Trial Court held in its denial of a 60.02(f) motion that five years following the conviction was beyond the reasonable time in which the defendant should have filed his motion, and this Court affirmed the Trial Court's determination. *Id*.

Referencing *Gross*, Ferguson argues that the Trial Court "followed the standard practice of denying relief, or a ruling on the merits because precedent found five years unreasonable." Appellant Brief, unnumbered page. However, in *Gross*, the passage of five years was not construed to mean that five years is a categorically unreasonable delay in filing a CR 60.02(f) motion; rather, it was not a reasonable time in *that* case. *Gross*, 648 S.W.2d at 858. As in any case pursuant to a CR 60.02(f) motion, whether the motion was filed within a reasonable time is a matter that resides within the discretion of the Trial Court.

In its order denying Ferguson's CR 60.02(f) motion, the Trial Court cited to "the passage of nearly eighteen (18) years from conviction" as "unreasonable" and therefore denied Ferguson's motion. R. at 652-53. The Trial Court did not abuse its discretion in finding that 18 years was not a "reasonable

time," especially considering that Ferguson was well aware at the time of his sentencing in 2005 that he was not being represented by counsel. That Ferguson was not represented by counsel at the sentencing phase was not something he discovered for the first time in 2023 when he filed his CR 60.02 motion. Ferguson failed to acknowledge his delay or any reason for the delay in his CR 60.02 motion, and he failed to provide any reason in his Appellant Brief to this Court. Absent any arguments offered by Ferguson as to why an 18-year lapse was "within a reasonable time," this Court cannot say that the Trial Court's denial of Ferguson's motion due to his delay in filing was in any way arbitrary or unreasonable. As we find no abuse of discretion, we affirm on this ground.

## II. Was Ferguson's CR 60.02 motion validly made and thus subject to a ruling by the trial court?

Ferguson next argues that the Trial Court "abdicated its authority to correct its own mistakes," by "fail[ing] to rule on the merits of a *valid* 60.02 motion to vacate." Appellant brief, unnumbered page (emphasis added). Ferguson asserts that the Trial Court had both the authority to rule on the merits of his CR 60.02 motion, and that his CR 60.02 motion was *valid*.[2]

---

[2] The circuit court had subject-matter jurisdiction because it is authorized to hear this type of case. "[C]ircuit courts maintain general subject-matter jurisdiction over felony prosecutions and subsequent post-conviction motions . . . ." *Peeler v. Simcoe*, No. 2023-SC-0481-MR, 2025 WL 1717575, *3, ___ S.W.3d ___ (Ky. Jun. 20, 2025) (to be published).

The time requirement of CR 60.02 is a "threshold to relief," and a CR 60.02 motion may be denied without reaching the merits of the movant's argument if the Trial Court finds that the motion was not timely filed. *Gross*, 648 S.W.2d at 857. Here, the Trial Court denied Ferguson's CR 60.02 motion on the grounds of timeliness, although it could have also disposed of the motion on the grounds that it was an impermissible, successive post-conviction motion. Either disposition would have sufficed, and only one was necessary. Accordingly, having already resolved this appeal on the basis of the failure to meet the timeliness requirement, it is unnecessary for this Court to address Ferguson's second argument relating to the Trial Court's authority and the validity of his particular CR 60.02 motion. Nonetheless, in the interest of thorough review, this Court will briefly address those matters below.

In addition to the time requirement, the *Gross* Court laid out the proper, mandatory post-conviction procedure in criminal cases. *Gross*, 648 S.W.2d at 857. Specifically,

> The structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and *thereafter* in CR 60.02.
>
> . . .
>
> . . . [T]he proper procedure for a defendant aggrieved by a judgment in a criminal case is to directly appeal that

-8-

judgment, stating every ground of error which it is reasonable to expect that he or his counsel is aware of when the appeal is taken.

Next, we hold that a defendant is required to avail himself of RCr 11.42 while in custody under sentence or on probation, parole or conditional discharge, as to any ground of which he is aware, or should be aware, during the period when this remedy is available to him. Final disposition of that motion, or waiver of the opportunity to make it, shall conclude all issues that reasonably could have been presented in that proceeding. *The language of RCr 11.42 forecloses the defendant from raising any questions under CR 60.02 which are 'issues that could reasonably have been presented' by RCr 11.42 proceedings.*

*Id.* at 856-57 (emphasis added).

Here, Ferguson directly appealed the judgment and conviction through counsel, alleging as one error that he "was improperly allowed to proceed without counsel." R. at 311. The Supreme Court of Kentucky ruled on the matter, affirming the Trial Court's judgment, holding that "the trial judge sufficiently fulfilled the *Faretta*[3] duties described in *Hill v. Commonwealth*,[4] and there was no error in allowing [Ferguson] to proceed *pro se*." R. at 324. *Ferguson*, 2007 WL 4462368, at *8.

---

[3] *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975).

[4] *Hill v. Commonwealth*, 125 S.W.3d 221, 226-27 (Ky. 2004).

Following his direct appeal, Ferguson, *pro se*, filed a motion pursuant to RCr 11.42 to vacate his conviction alleging several instances of ineffective assistance of counsel, in violation of his various constitutional rights to counsel. R. at 336-47. However, notably, Ferguson failed to allege as grounds that his constitutional right to counsel was violated when he proceeded to continue to represent himself at the penalty, or sentencing, phase of the trial. *Id.* As RCr 11.42(3) states, "[t]he motion shall state all grounds for holding the sentence invalid of which the movant has knowledge. Final disposition of the motion shall conclude all issues that could reasonably have been presented in the same proceeding." Ferguson's *pro se* status only resulted because of his own request. His failure to allege that his continued lack of counsel – although in reality he had the use of hybrid counsel – at sentencing violated his constitutional rights waived his right to assert the issue in subsequent post-conviction motions. *See Gross*, 648 S.W.2d at 857. Ferguson was well aware of the issue not only at trial, but also during the years of his direct appeal, and again during his RCr 11.42 proceedings. Therefore, regardless of the timing of Ferguson's filing of his CR 60.02 motion, he was foreclosed from presenting such issues as they could – and should – have reasonably been presented in his direct appeal or his RCr 11.42 motion. 648 S.W.2d at 853.

Ferguson states that his "60.02 issues were not preserved in the trial court, due to ineffective direct appeal counsel, and trial judges [sic] mistakes." Appellant Brief, unnumbered page. Again, Ferguson could have litigated this issue in his RCr 11.42 motion. As the *McQueen* Court stated, "CR 60.02 is *not* a separate avenue of appeal to be pursued *in addition to* other remedies, but is available only to raise issues which *cannot* be raised in other proceedings." *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997) (emphasis added). Accordingly, Ferguson is not entitled to relief here.

## CONCLUSION

Finding no abuse of discretion in the Trial Court's denial of Ferguson's motion on the grounds of timeliness and ruling that the CR 60.02 motion was an improper successive post-conviction motion, the Lawrence Circuit Court's order is affirmed.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Alger C. Ferguson, *pro se* | Russell C. Coleman |
| LaGrange, Kentucky | Attorney General of Kentucky |
| | |
| | Todd D. Ferguson |
| | Assistant Attorney General |
| | Frankfort, Kentucky |